# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

| | |
|---|---|
| CRAIG BRADSHAW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No.: 4:21-cv-125 |
| v. | ) |
| | ) |
| CST INDUSTRIES, INC., | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 Defendant, CST Industries, Inc. ("Defendant" or "CST") hereby gives notice of the removal of this cause of action to the United Stated District Court for the Western District of Missouri. In Support of this Notice of Removal CST states the following:[1]

## I.  INTRODUCTION

This case is hereby removed from state court to federal court because Plaintiff Craig Bradshaw ("Plaintiff") and Defendant CST are diverse parties based on citizenship. Furthermore, the amount in controversy exceeds the jurisdictional perquisite of $75,000. Therefore, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332.

## II.  STATEMENT OF JURISDICTION AND GROUNDS FOR REMOVAL

1. On or about January 19, 2021, Plaintiff commenced an action against Defendant in the Circuit Court of Jackson County, Missouri, styled *CRAIG BRADSHAW V. CST INDUSTRIES, INC.*, Case No.: 2116-CV01484.

---

[1] *See* **Exhibit A**, Civil Cover Sheet seeking removal to the Western District of Missouri

2. On February 1, 2021, Plaintiff, per agreement with Defendant's legal counsel, served Defendant's undersigned legal counsel a copy of the initial pleading setting forth the claim for relief upon which this action is based and initial discovery requests. CST has attached all process, pleadings and orders served upon it as **Exhibit B** as required by 28 U.S.C. § 1446(a).

3. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446, within thirty-days (30) from the date on which the summons was served.

4. After filing this Notice, the undersigned will provide written notice to Plaintiff and file a copy with the Circuit Clerk of Jackson County, Missouri, as required by 28 U.S.C. § 1446(d).

5. CST reserves the right to amend or supplement this Notice of Removal.

6. CST reserves any and all defenses to the claims alleged by Plaintiff.

7. Pursuant to 28 U.S.C. §1446(a), the United States District Court for the Western District of Missouri, Kansas City Division ("Western District of Missouri"), is the judicial district and division embracing the Circuit Court of Jackson County, Missouri, where this case was brought and is pending, and is therefore the proper district court and division to which this case must be removed.

## III. REMOVAL BASED ON DIVERSITY OF CITIZENSHIP IS PROPER

8. This case is a civil action that may be removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 because it is an action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

### A. *Diversity of Citizenship Exists*

9. To qualify for diversity jurisdiction, there must be complete diversity between the parties, which means no plaintiff may be a citizen of the same state as any defendant. *See, e.g., Walker v. Norwest Corp.*, 108 F.3d 158, 161 (8th Cir. 1997).

10. Accepting the allegations in Plaintiff's Complaint as true, Plaintiff is a resident and citizen of the State of Missouri. *See* Ex. B, at ¶ 6.

11. For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

12. First, Defendant, is a "C" corporation organized and existing under the laws of the State of Delaware. *See* Delaware Secretary of State, Business Information Search, Entity Details, attached hereto as **Exhibit C** and Declaration of Jim Hickey, attached hereto as **Exhibit D**, at ¶ 3. Defendant is therefore a citizen of Delaware for diversity purposes.

13. Second, to determine a corporation's "principal place of business," the Supreme Court has held courts should apply the "nerve center" test. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). Under that test, a corporation's principal place of business is the state in which the corporation's officers direct, control, and coordinate the corporation's activities. *Id.*

14. Here, Defendant has its principal place of business in Illinois. Specifically, Defendant's Chief Executive Officer, Chief Financial Officer, Director of Human Resources, and Vice President of Manufacturing all reside and work in Illinois. Moreover, Defendant's largest manufacturing operation is in Illinois, and Defendant employs more individuals in Illinois (approximately 125) than in any other state. *See* **Exhibit D.**

15. Defendant is therefore a citizen of Delaware and Illinois, pursuant to § 1332(c)(1).

16. Accordingly, diversity of citizenship for purposes of 28 U.S.C. § 1332(a)(1) exists between Plaintiff (a citizen of Missouri) and Defendant (a citizen of Delaware and Illinois) at the time of filing this Notice of Removal.

### B. *The Amount In Controversy is Met*

17. Pursuant to 28 U.S.C. § 1332(a)(1), diversity jurisdiction also requires the amount in controversy to "exceed the sum or value of $75,000.00." Defendant bears the burden to demonstrate the amount in controversy by a preponderance of evidence, which can be shown by "analogous case law or hypothetical itemization of damages to show that the punitive damages and attorney fees, when added to the actual damages, would raise the sum over $75,000." *Pleasant v. Noble Fin. Corp.*, 54 F. Supp. 3d 1071, 1080 (W.D. Mo. 2014) (emphasis added). Although Plaintiff pleads no specific amount of damages, fees, or other relief sought, recent examples cited from this state, of which the Court may take judicial notice as they are found in public filings, demonstrate that the amount in controversy here exceeds $75,000.

18. In conjunction with his claims, Plaintiff seeks an award of compensatory damages, including, lost income, emotional pain, suffering, mental anguish, inconvenience, and loss of enjoyment of life; an award of his attorneys' fees and costs; and for other and further relief the Court deems just and proper. *See* Ex. B, Petition, at pp. 9-10.

19. Where the initial pleading does not demand a specific sum, the notice of removal may assert the amount in controversy. 28 U.S.C. § 1446(c)(2)(A). The Supreme Court has held that a removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" and need not submit evidence in support thereof. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

20. Here, Plaintiff's own pleading establishes that the amount in controversy exceeds $75,000. *Kopp v. Kopp*, 280 F.3d 385, 885 (8th Cir. 2002) (holding that in determining the amount in controversy, the relevant question is not whether the verdict will ultimately exceed $75,000, rather, it is whether a finder of fact could legally conclude that the damages exceed that amount); *see also Allison v. Sec. Benefit Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992) (considering

punitive damages when determining the amount in controversy); *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 766 (8th Cir. 2001) (noting the propriety of including punitive damages and attorneys' fees in determining the amount in controversy).

21. Using Plaintiff's past wages, it is possible to estimate the amount of past wages which Plaintiff could potentially be awarded. Plaintiff received an annual salary of approximately $88,000.00 his last full year of employment with Defendant. This amount presumes no increase in Plaintiff's annual salary and does not take benefits into consideration. According to Plaintiff, his damages potentially started to accrue on May 8, 2020, the date of his termination, making Plaintiff's back pay claim, to date, approximately $65,000.00.[2]

22. In addition to economic damages (which are not capped under the MHRA), Plaintiff seeks non-economic damages, such as emotional pain, suffering, mental anguish, inconvenience, and loss of enjoyment of life. *See* Ex. B, at ¶ 14. As actual verdicts in actual cases show, when these non-economic damages are combined with a back-pay award, it is reasonable and likely that Plaintiff could recover in excess of the $75,000.00 jurisdictional requisite. *See e.g. Wedow v. City of Kansas City*, 442 F.3d 661, 668 (8th Cir. 2006) (jury awarded plaintiff $285,000.00 for discrimination and retaliation in the workplace); *Warren v. State of Missouri, Div. of Youth Servs.*, (E.D. Mo. Oct. 23, 2000) (awarding plaintiff $60,000.00 in actual damages and $150,000.00 in compensatory damages). On February 2, 2018, the Honorable Justine E Del Muro entered final judgment in an MHRA case in the amount of $356,694.69 and $662,862.50 in attorneys' fees (Case Number 1516-CV25112, *Jones v. City of Kansas City, Mo*.). On January 25, 2018, the Honorable Jack R. Grate entered final judgment in an MHRA case in the amount of $341,000 for actual damages and punitive damages (Case Number 1616-CV11175, *Stubbs v. Independence*

---

[2] This does not include potential back pay through trial.

*School District, et al.*). On June 20, 2017, the Honorable Jennifer M. Phillips entered final judgment in an MHRA case in the amount of $120,892.00 in compensatory damages, $3,109,369.15 in punitive damages, and $488,177.00 in attorneys' fees (Case Number 1416-CV16259, *Gentry v. Orkin LLC, et al.*). On April 10, 2017, the Honorable Patrick Campbell entered final judgment in an MHRA case in the amount of $10,060,213.14 for actual damages, punitive damages, attorneys' fees/costs, and front pay (Case Number 1416-CV02573, *Miller v. Bosman, et al.*).[3] Accordingly, Plaintiff's claim for compensatory damages alone satisfies the jurisdictional requirement.

23. As in the cases above, Plaintiff also seeks punitive damages which, much like the unlimited claims for actual damages, must also be considered in determining the amount in controversy. *Allison v. Security Benefit Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992); *Frump v. Claire's Boutiques, Inc.*, No. 10-1106, 2011 WL 1103055, at *4 (W.D. Mo. Mar. 22, 2011) ("Punitive damages are included in determining the amount in controversy, unless it is apparent to a legal certainty that punitive damages may not be recovered."). The MHRA also specifically provides for recovery of punitive damages. Mo. Rev. Stat. § 213.111

24. Adding also Plaintiff's claim for attorneys' fees, which are recoverable under the MHRA, to the amount in controversy calculation, there is no question that the amount in controversy well exceeds the $75,000.00 threshold. *See* RSMo. § 213.111; *see also Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 766 (8th Cir. 2001) (noting that punitive damages and statutory attorney's fees count toward the jurisdictional minimum for diversity jurisdiction).

---

[3] Defendant notes that in 2017, the MHRA was amended, in part, to set damages caps. However, the damages caps exceed $75,000.00. Mo. Rev. Stat. § 213.111.

25. Therefore, because the amount in controversy clearly exceeds $75,000.00, exclusive of interest and costs, and this action is between citizens of different states, this Court has original jurisdiction over Plaintiff's claims under 28 U.S.C. § 1332(a), and this case may be removed to this Court by Defendant pursuant to 28 U.S.C. §§ 1441 and 1446.

WHEREFORE, Defendant respectfully gives notice of the removal of this action currently pending in the Circuit Court of Jackson County, Missouri, to the United States District Court for the Western District of Missouri, Kansas City Division.

Respectfully submitted,

*/s/ Benjamin A. McMillen*
Benjamin A. McMillen    MO Bar No. 63086
Courtney N. Steelman    MO Bar No. 70191
Husch Blackwell LLP
4801 Main Street, Suite 1000
Kansas City, Missouri 64112
Telephone: (816) 983-8000
Facsimile: (816) 983-8080
ben.mcmillen@huschblackwell.com
courtney.steelman@huschblackwell.com

**ATTORNEYS FOR DEFENDANT**

# CERTIFICATE OF SERVICE

I hereby certify on the 26th day of February 2021, a copy of the above and foregoing was served via electronic mail and United States Mail to:

Lewis M. Galloway
LG Law, LLC
1600 Genessee St., Suite 918
Kansas City, MO 64102
Phone: (816) 442-7002
Fax:    (816) 326-0820
lewis@lglawllc.com

**ATTORNEYS FOR PLAINTIFF**

*/s/ Benjamin A. McMillen*
**Attorney for Defendant**