EXHIBIT
B




Search for Cases by: Select Search Method...

Judicial Links | eFiling | Help | Contact Us | Print       GrantedPublicAccess  Logoff BEN_MCMILLEN

**2116-CV01484 - CRAIG BRADSHAW V CST INDUSTRIES, INC. (E-CASE)**

| Case Head View | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

**Click here to eFile on Case**
Click here to Respond to Selected Documents

Sort Date Entries: ● Descending  ○ Ascending        Display Options: All Entries

---

01/25/2021  ☐ **Summons Issued-Circuit**
                Document ID: 21-SMCC-596, for CST INDUSTRIES, INC..

           ☐ **Order - Special Process Server**

           ☐ **Case Mgmt Conf Scheduled**
                **Scheduled For:** 05/13/2021; 9:00 AM; PATRICK WILLIAM CAMPBELL; Jackson - Kansas City

01/19/2021 ☐ **Request for Jury Trial Filed**
                **Filed By:** LEWIS MICHAEL GALLOWAY

           ☐ **Judge Assigned**

           ☐ **Filing Info Sheet eFiling**
                **Filed By:** LEWIS MICHAEL GALLOWAY

           ☐ **Cert Serv of Interrog Filed**
                Certificate of Service of Plaintiffs First Interrogatories and First Requests for Production to Defendant.
                **Filed By:** LEWIS MICHAEL GALLOWAY
                **On Behalf Of:** CRAIG BRADSHAW

           ☐ **Motion Special Process Server**
                Motion for Appointment of Special Process Server.
                **Filed By:** LEWIS MICHAEL GALLOWAY

           ☐ **Pet Filed in Circuit Ct**
                Petition; Exhibit A - Charge of Discrimination; Exhibit B - Notice of Right to Sue.

---

Case.net Version 5.14.12                    Return to Top of Page                    Released 11/10/2020

Electronically Filed - Jackson - Kansas City - January 19, 2021 - 09:30 AM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY**

| | | |
|---|---|---|
| CRAIG BRADSHAW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CST INDUSTRIES, INC., | ) | Case No. |
| | ) | Division |
| **Attorney to Serve:** | ) | |
| **903 E 104th St** | ) | |
| **Kansas City, MO 64131** | ) | |
| | ) | |
| Defendant. | ) | |

**PETITION**

COMES NOW Plaintiff Craig Bradshaw ("Bradshaw" or "Plaintiff") and states and alleges as follows for his Petition against Defendant CST Industries, Inc. ("CST" or the "Company" or "Defendant").

**NATURE OF THE CASE**

1.      This action is brought to remedy discrimination on the basis of age and disability in the terms, conditions, and privileges of employment, all in violation of the Missouri Human Rights Act, Mo. Rev. Stat. § 213.010, *et seq*., ("MHRA").

2.      The claims hereinafter alleged seek declaratory and injunctive relief and compensatory and punitive damages for Defendant's intentional discrimination under the MHRA.

**JURISDICTION AND VENUE**

3.      Defendant's unlawful employment practices complained of herein occurred in Jackson County, Missouri, and accordingly, jurisdiction and venue are proper in this Court.

4.      On October June 22, 2020, Plaintiff filed a Charge of Discrimination detailing the allegations included herein with the Equal Employment Opportunity Commission ("EEOC"),

which was thereafter dually filed with the Missouri Commission on Human Rights ("MCHR"). A copy of Plaintiff's Charge of Discrimination is attached hereto as Exhibit A.

5.  Plaintiff received his Notice of Right to Sue from the MCHR on or about December 21, 2020. Accordingly, Plaintiff has fully complied with all jurisdictional prerequisites to jurisdiction of this Court under the MHRA. A copy of Plaintiff's Notice of Right to Sue is attached hereto as Exhibit B.

<u>**PARTIES**</u>

6.  Plaintiff is and at all times relevant to the allegations in this Petition has been a resident and citizen of the State of Missouri.

7.  Defendant CST is and at all times relevant to the allegations in this Petition has been a corporation formed under laws of the State of Missouri with its principal place of business in Jackson County, Missouri. Defendant is and at all times relevant to this action has been an employer within the meaning of the MHRA.

8.  All of the acts, conduct, and omissions of Defendant were performed by its agents, representatives, and employees acting while in the course and scope of their agency or employment.

<u>**FACTS**</u>

9.  Plaintiff was employed by CST as a Project Manager from February 2014 until the termination of his employment on May 8, 2020. In this role Plaintiff reported directly to Manager of Order Control Eric Nead, then to Project Manager Steve McRoberts, and then again to Eric Nead. Plaintiff's responsibilities as Project Manager included oversight of approximately 100 monthly storage tank orders and monitoring of tank design, production, and delivery operations. Plaintiff was previously employed by CST as a Project Manager from January 2007 until December 2011. From January 2012 until February 2014, Plaintiff worked internationally as a

Technical Tank Supervisor in an independent contractor role for CST to provide project management for three high value tank construction and installation projects in Saudi Arabia and the Republic of Madagascar.

10.     Plaintiff is 51 years of age.

11.     Plaintiff's record of performance with CST was exemplary.  He routinely received praise from those to whom he reported and his record of success with the Company is widely documented.  Plaintiff received regular positive performance evaluations and ratings with merit-based increases in his annual rate of pay throughout both periods of his employment with the Company.

12.     Plaintiff suffers from pulmonary hypertension and related heart conditions that require treatment by his physicians and can result in substantial limitations of major life activities.[1] Plaintiff has been advised that there is no cure for pulmonary hypertension, and that the condition can lead to heart attack or stroke, aneurysm, heart failure, decreased cognitive function, and metabolic syndrome.  Since his diagnosis Plaintiff has been treated by Dr. Herbert Dempsey with Encompass Medical Group in Lee's Summit, Missouri.

13.     On March 11, 2020, the United States Department of Health and Human Services ("HHS"), Centers for Disease Control and Prevention ("CDC"), and the World Health

---

[1] The ADA defines the term "disability" as "(A) a physical or mental impairment that substantially limits one or more major life activities; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C.A. § 12102(1).  The 2008 Americans with Disabilities Amendment Act ("ADAAA") expanded the definition of "disability" to include circulatory functions, rendering hypertension a presumptive disability for the purposes of the ADA and ADAAA under some circumstances.  The EEOC regulations implementing the ADAAA also provide that conditions that are episodic can be disabilities if they are substantially limiting when active.

The interpretive guidance accompanying the EEOC regulations specifically identifies hypertension as a condition that is potentially episodic, noting that "[t]he fact that the periods during which an episodic impairment is active and substantially limits a major life activity may be brief or occur infrequently is no longer relevant in determining whether the impairment substantially limits a major life activity."  29 C.F.R. § Pt. 1630, App. at § 1630.2(j)(1)(vii).

Organization ("WHO") announced that severe acute respiratory syndrome coronavirus 2 ("COVID19") had been declared a pandemic.[2]

14.    On March 17, Vice President of Human Resources Jonathan Starmach with the CST Pandemic Planning Task Force issued a notice to all CST employees that provided in relevant part:

> Team Members,
>
> As we continue to closely track developments regarding COVID-19, our future decisions will continue to be made with you as our top priority.  As such we have expanded precautionary measures by implementing the following:
>
> …
>
> Advising Team Members that are high risk for serious complications from COVID-19 to stay home (i.e. this includes older adults over age 60 and individuals with chronic health conditions like heart disease, diabetes, lung disease, hypertension, cancer or kidney disease).  If this is you please reach out to your immediate supervisor and local HR to discuss next steps.  This will remain in effect until March 31st at which time we will reassess the situation
>
> …
>
> Today the President mentioned in his daily briefing that he saw no reason for a Total US lockdown at this time.  So our goal remains to keep business running safely and seamlessly for our customers and we courage you to come to work if you are healthy.  With that said, we need to plan for other possibilities so we are determining business continuity plans and testing IT equipment to ensure we have the infrastructure needed to support multiple employees who may be able to work from home.
>
> As always, we will continue to monitor the situation closely and take every measure to ensure your safety and the operations of CST.

---

[2] The EEOC issued updated guidance entitled Pandemic Preparedness in the Workplace and the Americans with Disabilities Act in response to COVID-19 on March 19, 2020, explicitly confirming that the ADA requires reasonable accommodations for individuals with disabilities during a pandemic.  EEOC-NVTA-2009-3.  42 U.S.C. §12112(b)(5).  *See also* § 12111(3); 29 C.F.R. § 1630.2(r).

4

15.     Plaintiff spoke with Project Manager Steve McRoberts on March 18 and explained that he was a high risk for serious complications from COVID-19 due to his diagnosis and treatment for pulmonary hypertension, and together they called Human Resources Supervisor Judy Smith to communicate Plaintiff's request to work from home as long as may be necessary.  Plaintiff contacted his physician the same day to obtain a written confirmation of his diagnosis and treatment for pulmonary hypertension.

16.     On March 19, Human Resources Supervisor Judy Smith sent Plaintiff an email that read in relevant part:[3]

> Craig,
>
> Thank you for your request to work from home for CST Team Members that are at high risk for serious complications from COVID-19.  (i.e. this includes older adults over age 60 and individuals with chronic health conditions like heart disease, diabetes, lung disease, hypertension, cancer, or kidney disease).
>
> Please provide doctors not confirming you would fall under the high risk.
>
> Thank you for going through the process listed below for approval.
>
> *We are discussing with employees on a case by case basis in the next step of the process of getting approval.*
>
> *First step is employee request to Manager and HR.*
>
> *Next step is discuss with HR the individuals request.*
>
> *Doctors Documentation (this depends on what the case is) example: age is not going to need outside document.*
>
> Please let me know if you have any questions.

---

[3] The ADA prohibits employee disability-related inquiries or medical examinations unless they are job-related and consistent with business necessity.  Generally, a disability-related inquiry or medical examination of an employee is job-related and consistent with business necessity when an employer has a reasonable belief, based on objective evidence, that an employee's ability to perform essential job functions will be impaired by a medical condition or an employee will pose a "direct threat" due to a medical condition.  This reasonable belief "must be based on objective evidence obtained, or reasonably available to the employer, prior to making a disability-related inquiry or requiring a medical examination."  42 U.S.C. § 12112(d).

17.     The same day, Plaintiff sent an email to Human Resources Supervisor Judy Smith that read "[p]lease see attached letter from Dr. Dempsey in regards to high risk listed below, for the approval of work from home via conversations with Steve McRoberts and Judy Smith." Plaintiff attached to his email a letter from his physician dated March 18, 2020, that read in relevant part:

> To Whom it may concern
>
> Craig is currently under my general medical care.  I treat him for hypertension.  He takes lisinopril 5 mg daily for the treatment of hypertension.  If I may be of further assistance please call.
>
> Sincerely,
>
> Herbert E Dempsey DO

A copy of the letter provided to Judy Smith is attached to Plaintiff's Charge of Discrimination as Exhibit 1.

18.     Plaintiff worked from home in his role as Project Manager from March 17 until the termination of his employment on May 8.  On May 8, Plaintiff spoke by phone with Manager of Order Control Eric Nead and Human Resources Supervisor Judy Smith and learned that his employment would be terminated immediately.  Plaintiff received an email from Judy Smith that attached a letter which read in relevant part:

> Dear Craig,
>
> Due to the impact of COVID-19 on our customers, CST is implementing measures to right-size the workforce to match changes in demand.  As a result, we find we must make some difficult personnel decisions.  It is with deepest regret that we inform you that your position is one that will be eliminated effective today, May 8, 2020.  Please accept our appreciation for your contributions during your employment with CST.
>
> Any information regarding your benefits can be found in the supplemental document provided to you today.  If you have questions or concerns,

6

please give me a call at your earliest convenience. My direct number is 620-423-7180.

19. Judy Smith's email also attached a proposed Confidential Separation Agreement and Full General Release ("Separation Agreement") the same day. The Separation Agreement included a disclosure with a table of employees in the decisional unit pursuant to the Older Workers Benefit Protection Act ("OWBPA"). The OWBPA disclosure provided in relevant part:

> The group of individuals covered by the program includes all company employees in the identified job categories whose employment is being terminated in the reduction in force during the following period: May 8, 2020.

> The following factors were considered in selecting individuals for participation in the Program: (1) employee productivity; (2) employee knowledge; and (3) employee skill-set.

20. The average age of the employees in the decisional unit not selected for termination as part of CST's reduction in force is 43.3 years of age. The average age of the employees in the decisional unit selected for termination is 51.4 years of age. The average age of the Project Managers not selected for termination as part of CST's reduction in force is 49.3 years of age.

21. The actions and inactions of Defendant and its agents constitute unlawful discrimination against Plaintiff.

22. Defendant failed to make good faith efforts to establish and enforce policies to prevent unlawful discrimination against its employees.

23. Defendant failed to properly train or otherwise inform their supervisors and employees concerning their duties and obligations under civil rights laws.

24. As a direct and proximate result of the wrongful, unlawful, and discriminatory policies, practices, and conduct described above and in the following paragraphs, Plaintiff has suffered irreparable injury, including past and future pecuniary losses, emotional pain, suffering,

humiliation, inconvenience, mental anguish, loss of enjoyment of life, and reputational harm, and will continue to suffer the same unless and until this Court grants the requested relief and interest on Plaintiff's past and future pecuniary losses.

25.     Defendant's conduct was wanton, malicious, willful, and/or outrageous, and was done with reckless disregard of its consequences, thereby entitling Plaintiff to an award of punitive damages in an amount that will serve to punish Defendant and will serve to deter Defendant and others from like conduct in the future.

## COUNT I – VIOLATION OF THE MHRA – DISABILITY DISCRIMINATION

26.     Plaintiff hereby incorporates each preceding paragraph as though fully set forth herein.

27.     Defendant discriminated against Plaintiff on the basis of his disability by terminating his employment.

28.     Due to his diagnosis with pulmonary hypertension, Plaintiff is both disabled and perceived as disabled.  Plaintiff also has a record of impairments that substantially limit one or more major life activities.  Plaintiff was qualified with reasonable accommodations to perform the essential functions of the position Project Manager.

29.     Defendant and its agents knew Plaintiff that Plaintiff suffered from a disability, was perceived as disabled, or had a record of impairments that may substantially limit one or more of his major life activities.

30.     Defendant discriminated against Plaintiff on the basis of his disability, his perceived disability, or his record of impairments that may substantially limit one or more of his major life activities in violation of the MHRA by terminating his employment.

31.     The purported reasons cited by Defendant for Defendant's decision to terminate Plaintiff's employment constitute pretext for unlawful discrimination against Plaintiff.

32.     The actions of Defendant and its agents were done intentionally, maliciously, and with willful indifference to the rights of Plaintiff, thereby entitling Plaintiff to punitive damages in an amount to be determined by a jury.

33.     As a direct and proximate result of the conduct specified above, Plaintiff also sustained the damages alleged in the preceding paragraphs.

WHEREFORE, for this Count, Plaintiff respectfully prays this Court for judgment against Defendant in an amount that is fair and reasonable, for his costs in maintaining this action, for his reasonable attorneys' fees, for punitive damages, for an equitable award of front pay, for all damages available under the MHRA, and for any other relief which the Court may deem just and proper.

## COUNT II – VIOLATION OF THE MHRA – AGE DISCRIMINATION

34.     Plaintiff hereby incorporates each preceding paragraph as though fully set forth herein.

35.     Defendant discriminated against Plaintiff on the basis of his age by terminating his employment.

36.     The purported reasons cited by Defendant for Defendant's decision to terminate Plaintiff's employment constitute pretext for unlawful discrimination against Plaintiff.

37.     The actions of Defendant and its agents were done intentionally, maliciously, and with willful indifference to the rights of Plaintiff, thereby entitling Plaintiff to punitive damages in an amount to be determined by a jury.

38.     As a direct and proximate result of the conduct specified above, Plaintiff also sustained the damages alleged in the preceding paragraphs.

WHEREFORE, for this Count, Plaintiff respectfully prays this Court for judgment against Defendant in an amount that is fair and reasonable, for his costs in maintaining this action, for his

reasonable attorneys' fees, for punitive damages, for an equitable award of front pay, for all damages available under the MHRA, and for any other relief which the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right to trial by jury.

Respectfully submitted,



/s/ Lewis M. Galloway
Lewis Galloway      Missouri Bar No. 52417
1600 Genessee St Ste 918
Kansas City, MO 64102
Phone: (816) 442-7002
Fax:     (816) 326-0820
lewis@lglawllc.com

ATTORNEY FOR PLAINTIFF

Electronically Filed - Jackson - Kansas City - January 19, 2021 - 09:30 AM

| Charge of Discrimination | Charge Presented to: | Agency(ies) Charge No(s): |
|---|---|---|
| | ___ FEPA<br>_X_ EEOC | 563-2020-02269 |

State or local Agency, if any
**Missouri Commission on Human Rights**

| Name (indicate Mr. Ms. Mrs.)<br>**Craig Bradshaw** | | Home Phone (Incl. Area Code)<br>**(816) 331-5488** | Date of Birth<br>███ |
|---|---|---|---|

| Street Address<br>**2186 E Sierra Dr** | City, State and ZIP Code<br>**Raymore, MO 64083** |
|---|---|

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name<br>**CST Industries, Inc.** | No. Employees, Members<br>**More than 500** | Phone No. (Include Area Code)<br>**(844) 448-2657** |
|---|---|---|

| Street Address<br>**903 E 104ᵗʰ St** | City, State and ZIP Code<br>**Kansas City, MO 64131** |
|---|---|

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|

| Street Address | City, State and ZIP Code |
|---|---|

DISCRIMINATION BASED ON (*Check appropriate box(es).*)

__ RACE __ COLOR __ SEX __ RELIGION __ NATIONAL ORIGIN

__ RETALIATION **X** AGE **X** DISABILITY __ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **3/17/2020**   Latest **5/8/2020**

**X** CONTINUING ACTION

THE PARTICULARS ARE (*If additional paper is needed, attached extra sheet(s)*):

**Please see summary included as Exhibit A.**

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

6-18-2020
_Date_

*Craig M. Bradshaw*
_Charging Party Signature_

Electronically Filed - Jackson - Kansas City - January 19, 2021 - 09:30 AM

**Exhibit A to Craig Bradshaw Charge of Discrimination**

1. I charge CST Industries, Inc. (hereinafter "CST") with discrimination on the basis of my disability, my perceived disability, my record of disability, and/or my age in violation of the the Missouri Human Rights Act ("MHRA"), the Americans with Disabilities Act ("ADA") and/or the Age Discrimination in Employment Act, each as amended.

2. I was employed by CST as a Project Manager from February 2014 until the termination of my employment on May 8, 2020. In this role I reported directly to Eric Nead, then Steve McRoberts, and then again to Eric Nead. My responsibilities as Project Manager included oversight of approximately 100 monthly still storage tank orders and monitoring of tank design, production, and delivery operations. I was previously employed by CST as a Project Manager from January 2007 until December 2011. From January 2012 until February 2014 I worked internationally as a Technical Tank Supervisor in an independent contractor role for CST to provide project management for three high value tank construction and installation projects in Saudi Arabia and the Republic of Madagascar.

3. My record of performance with CST is exemplary. I routinely received praise from those to whom I reported and my record of success with the Company is widely documented. I received regular positive performance evaluations and ratings with merit-based increases in my annual rate of pay throughout both periods of my employment with the Company.

4. I am 51 years of age.

5. I suffer from pulmonary hypertension and related heart conditions that require treatment by my physicians and can result in substantial limitations of major life activities.[1] I have been advised that there is no cure for pulmonary hypertension, and that the condition can lead to heart attack or stroke, aneurysm, heart failure, decreased cognitive function, and metabolic syndrome. Since my

---

[1] The ADA defines the term "disability" as "(A) a physical or mental impairment that substantially limits one or more major life activities; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C.A. § 12102(1). The 2008 Americans with Disabilities Amendment Act ("ADAAA") expanded the definition of "disability" to include circulatory functions, rendering hypertension a presumptive disability for the purposes of the ADA and ADAAA under some circumstances. The EEOC regulations implementing the ADAAA also provide that conditions that are episodic can be disabilities if they are substantially limiting when active.

The interpretive guidance accompanying the EEOC regulations specifically identifies hypertension as a condition that is potentially episodic, noting that "[t]he fact that the periods during which an episodic impairment is active and substantially limits a major life activity may be brief or occur infrequently is no longer relevant in determining whether the impairment substantially limits a major life activity." 29 C.F.R. § Pt. 1630, App. at § 1630.2(j)(1)(vii).

diagnosis I have been treated by Dr. Herbert Dempsey with Encompass Medical Group in Lee's Summit, Missouri.

6.      On March 11, 2020, the United States Department of Health and Human Services ("HHS"), Centers for Disease Control and Prevention ("CDC"), and the World Health Organization ("WHO") announced that severe acute respiratory syndrome coronavirus 2 ("COVID19") had been declared a pandemic.[2]

7.      On March 17, the Jonathan Starmach with the CST Pandemic Planning Task Force issued a notice to all CST employees that provided in relevant part:

> Team Members,
>
> As we continue to closely track developments regarding COVID-19, our future decisions will continue to be made with you as our top priority.  As such we hav expanded precautionary measures by implementing the following:
>
> …
>
> • Advising Team Members that are high risk for serious complications from COVID-19 to stay home (i.e. this includes older adults over age 60 and individuals with chronic health conditions like heart disease, diabetes, lung disease, hypertension, cancer or kidney disease).  If this is you please reach out to your immediate supervisor and local HR to discuss next steps.  This will remain in effect until March 31st at which time we will reassess the situation
>
> …
>
> Today the President mentioned in his daily briefing that he saw no reason for a Toal US lockdown at this time.  So our goal remains to keep business running safely and seamlessly for our customers and we courage you to come to work if you are healthy.  With that said, we need to plan for other possibilities  so we are determining business continuity plans and testing IT equipment to ensure we have the infrastructure needed to support multiple employees who may be able to work from home.

---

[2] The EEOC issued updated guidance entitled Pandemic Preparedness in the Workplace and the Americans with Disabilities Act in response to COVID-19 on March 19, 2020, explicitly confirming that the ADA requires reasonable accommodations for individuals with disabilities during a pandemic.  EEOC-NVTA-2009-3.  42 U.S.C. §12112(b)(5).  *See also* § 12111(3); 29 C.F.R. § 1630.2(r).

As always, we will continue to monitor the situation closely and take every measure to ensure your safety and the operations of CST.

8.    I spoke with Steve McRoberts on March 18 and explained that I was a high risk for serious complications from COVID-19 due to my diagnosis and treatment for pulmonary hypertension, and together we called Judy Smith to communicate my request to work from home as long as may be necessary.  I contacted my physician the same day to obtain a written confirmation of my diagnosis and treatment for pulmonary hypertension.

9.    On March 19, Human Resources Supervisor Judy Smith sent me an email that read in relevant part:[3]

> Craig,
>
> Thank you for your request to work from home for CST Team Members that are at high risk for serious complications from COVID-19.  (i.e. this includes older adults over age 60 and individuals with chronic health conditions like heart disease, diabetes, lung disease, hypertension, cancer, or kidney disease).
>
> Please provide doctors not confirming you would fall under the high risk.
>
> Thank you for going through the process listed below for approval.
>
> *We are discussing with employees on a case by case basis in the next step of the process of getting approval.*
>
> *First step is employee request to Manager and HR.*
>
> *Next step is discuss with HR the individuals request.*

---

[3] The ADA prohibits employee disability-related inquiries or medical examinations unless they are job-related and consistent with business necessity.  Generally, a disability-related inquiry or medical examination of an employee is job-related and consistent with business necessity when an employer has a reasonable belief, based on objective evidence, that an employee's ability to perform essential job functions will be impaired by a medical condition or an employee will pose a "direct threat" due to a medical condition.  This reasonable belief "must be based on objective evidence obtained, or reasonably available to the employer, prior to making a disability-related inquiry or requiring a medical examination." 42 U.S.C. § 12112(d).

Electronically Filed - Jackson - Kansas City - January 19, 2021 - 09:30 AM

> *Doctors Documentation (this depends on what the case is)*
> *example: age is not going to need outside document.*
>
> Please let me know if you have any questions.

10. The same day, I sent an email to Judy Smith that read "[p]lease see attached letter from Dr. Dempsey in regards to high risk listed below, for the approval of work from home via conversations with Steve McRoberts and Judy Smith." I attached to my email a letter from my physician dated March 18, 2020, that read in relevant part:

> To Whom it may concern
>
> Craig is currently under my general medical care. I treat him for hypertension. He takes lisinopril 5 mg daily for the treatment of hypertension. If I may be of further assistance please call.
>
> Sincerely,
>
> Herbert E Dempsey DO

A copy of the letter provided to Judy Smith is attached hereto as Exhibit 1.

11. I worked from home in my role as Project Manager from March 17 until the termination of my employment on May 8. On May 8, I spoke by phone with Eric Nead and Judy Smith and learned that my employment would be terminated immediately. I received an email from Judy Smith that attached a letter which read in relevant part:

> Dear Craig,
>
> Due to the impact of COVID-19 on our customers, CST is implementing measures to right-size the workforce to match changes in demand. As a result, we find we must make some difficult personnel decisions. It is with deepest regret that we inform you that your position is one that will be eliminated effective today, May 8, 2020. Please accept our appreciation for your contributions during your employment with CST.
>
> Any information regarding your benefits can be found in the supplemental document provided to you today. If you have questions or concerns, please give me a call at your earliest convenience. My direct number is 620-423-7180.

12. Judy Smith's email also attached a proposed Confidential Separation Agreement and Full General Release ("Separation Agreement") the same day. The Separation Agreement included a disclosure with a table of employees in the decisional unit pursuant t to the Older Workers Benefit Protection Act ("OWBPA"). The OWBPA disclosure provided in relevant part:

> The group of individuals covered by the program includes all company employees in the identified job categories whose employment is being terminated in the reduction in force during the following period: May 8, 2020.

> The following factors were considered in selecting individuals for participation in the Program: (1) employee productivity; (2) employee knowledge; and (3) employee skill-set.

The average age of the employees in the decisional unit not selected for termination as part of CST's reduction in force is 43.3 years of age. The average age of the employees in the decisional unit selected for termination is 51.4 years of age. The average age of the Project Managers not selected for termination as part of CST's reduction in force is 49.3 years of age.

I do not know whether the Project Managers or other employees not selected for termination are disabled, perceived as disabled, or have a record of impairments that substantially limit one or more major life activities. Neither do I know whether the Project Managers or other employees not selected for termination engaged in protected activities by requesting reasonable accommodation of their disabilities, if any.

13. Due to my diagnosis with pulmonary hypertension, I am both disabled and perceived as disabled. I also have a record of impairments that substantially limit one or more major life activities. I was qualified with reasonable accommodations to perform the essential functions of the position Project manager.

14. The actions of CST and its agents constitute discrimination and harassment against me on the basis of my disability, my perceived disability, and/or my age.

15. The rationale provided by CST and its agents for the termination of my employment constitutes pretext for discrimination against me on the basis of my disability, my perceived disability, and/or my age.

16. The rationale provided by CST and its agents for the termination of my employment constitutes pretext for retaliation against me after I engaged in protected activities by requesting reasonable accommodations for my disability.

17. CST has failed to make good faith efforts to establish and enforce policies to prevent unlawful discrimination against its employees.

18. CST has failed to properly train or otherwise inform its supervisors and employees concerning the Company's duties and obligations under civil rights laws.

19. I have suffered economic damages and emotional distress as a result of the discrimination and harassment for which CST is responsible.

20. The conduct of CST and its agents has been outrageous due to their evil motive and/or reckless disregard for my federal civil rights, entitling me to an award of punitive damages in an amount sufficient to punish CST and its agents.

21. I seek compensatory damages, punitive damages, equitable relief in the form of front pay, and my reasonable attorneys' fees.

Exhibit 1

**Lees Summit Clinic - Office**
615 SW Third Street   Lees Summit, MO  64063
(816) 524-3799  Fax: (913) 495-3727

March 18, 2020

Craig Bradshaw
2186 E Sierra Dr
Raymore,  MO  64083

To Whom it may concern
   Craig is currently under my general medical care. I treat him for hypertension. He takes lisinopril 5mg daily for the treatment of hypertension. If I may be of further assistance please call.

Sincerely,
Herbert E Dempsey DO

Encompass Medical Group
Encompass Lees Summit Clinic
Phone: 816-524-3799
Fax: 913-495-3727

Electronically Filed - Jackson - Kansas City - January 19, 2021 - 09:30 AM



**MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS**
# MISSOURI COMMISSION ON HUMAN RIGHTS

Electronically Filed - Jackson - Kansas City - January 19, 2021 - 09:30 AM

FE-6/20-32002
Administrative Use/Records

| **MICHAEL L. PARSON** | **ANNA S. HUI** | **MARTHA STAGGS** | **ALISA WARREN, PH.D.** |
|---|---|---|---|
| GOVERNOR | DEPARTMENT DIRECTOR | COMMISSION CHAIR | EXECUTIVE DIRECTOR |

Craig Bradshaw
2186 E. Sierra Dr.
Raymore, MO 64083

RE:   Bradshaw vs. CST Industries, Inc.
      FE-6/20-32002    563-2020-02269

The Missouri Commission on Human Rights (MCHR) is terminating its proceedings and issuing this notice of your right to sue under the Missouri Human Rights Act because you have requested a notice of your right to sue.

This letter indicates your right to bring a civil action within 90 days of this notice against the respondent(s) named in the complaint. Such an action may be brought in any circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred but it must be brought no later than two years after the alleged cause occurred or its reasonable discovery. Upon issuance of this notice, the MCHR is terminating all proceedings relating to the complaint. No person may file or reinstate a complaint with the MCHR after the issuance of a notice of right to sue relating to the same practice or act. You are hereby notified of your right to sue the Respondent(s) named in your complaint in state circuit court. **THIS MUST BE DONE WITHIN 90 DAYS OF THE DATE OF THIS NOTICE OR YOUR RIGHT TO SUE IS LOST**.

You are also notified that the Executive Director is hereby administratively closing this case and terminating all MCHR proceedings relating to it. This notice of right to sue has no effect on the suit-filing period for any federal claims. This notice of right to sue is being issued as required by Section 213.111.1, RSMo, because it has been over 180 days after the filing of this complaint and MCHR has not completed its administrative processing.

Respectfully,

Alisa Warren Ph.D.
Executive Director

December 21, 2020
Date

CST Industries, Inc.
903 E. 104th St.
Kansas City, MO 64131

Lewis Galloway
LG Law, LLC
1600 Genessee Street, Suite 918
Kansas City, MO 64102
*Via email*

☐ JEFFERSON CITY OFFICE
421 E. DUNKLIN ST.
P.O. BOX 1129
JEFFERSON CITY, MO 65102-1129
PHONE: 573-751-3325
FAX: 573-751-2905

☐ ST. LOUIS OFFICE
111 N. 7TH STREET, SUITE 903
ST. LOUIS, MO 63101-2100
PHONE: 314-340-7590
FAX: 314-340-7238

☑ KANSAS CITY OFFICE
P.O. BOX 1129
JEFFERSON CITY, 65102-1129
PHONE: 816-889-3582

☐ SIKESTON OFFICE
106 ARTHUR STREET, SUITE D
SIKESTON, MO 63801-5454
FAX: 573-472-5321

*Missouri Commission on Human Rights is an equal opportunity employer/program. Auxiliary aides and services are available upon request to individuals with disabilities.*
TDD/TTY:   1-800-735-2966 (TDD)   Relay Missouri: 711
www.labor.mo.gov/mohumanrights     E-Mail: mchr@labor.mo.gov

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT KANSAS CITY

CRAIG BRADSHAW

**PLAINTIFF(S),**          **CASE NO.** 2116-CV01484

**VS.**          **DIVISION 10**

CST INDUSTRIES, INC.

**DEFENDANT(S),**

## NOTICE OF CASE MANAGEMENT CONFERENCE FOR CIVIL CASE
## AND ORDER FOR MEDIATION
_____

       NOTICE IS HEREBY GIVEN that a Case Management Conference will be held with the Honorable **PATRICK WILLIAM CAMPBELL** on **13-MAY-2021** in **DIVISION 10** at **09:00 AM**. All Applications for Continuance of a Case Management Conference should be filed on or before Wednesday of the week prior to the case management setting. Applications for Continuance of a Case Management Conference shall comply with Supreme Court Rule and 16th Cir. R. 34.1. Continuance of a Case Management Conference will only be granted for good cause shown because it is the desire of the Court to meet with counsel and parties in all cases within the first 4 months that a case has been on file. All counsel and parties are directed to check Case.NET on the 16th Judicial Circuit web site at www.16thcircuit.org after filing an application for continuance to determine whether or not it has been granted.

       A lead attorney of record must be designated for each party as required by Local Rule 3.5.1. A separate pleading designating the lead attorney of record shall be filed by each party as described in Local Rule 3.5.2. The parties are advised that if they do not file a separate pleading designating lead counsel, even in situations where there is only one attorney representing the party, JIS will not be updated by civil records department, and copies of orders will be sent to the address currently shown in JIS. Civil Records does not update attorney information from answers or other pleadings. The Designation of Lead Attorney pleading shall contain the name of lead counsel, firm name, mailing address, phone number, FAX number and E-mail address of the attorney who is lead counsel.

       At the Case Management Conference, counsel should be prepared to address at least the following:

       a.        A trial setting;

       b.        Expert Witness Disclosure Cutoff Date;

       c.        A schedule for the orderly preparation of the case for trial;

       d.        Any issues which require input or action by the Court;

       e.        The status of settlement negotiations.

## MEDIATION

The parties are ordered to participate in mediation pursuant to Supreme Court Rule 17. Mediation shall be completed within 10 months after the date the case if filed for complex cases, and 6 months after the date the case is filed for other circuit cases, unless otherwise ordered by the Court.  Each party shall personally appear at the mediation and participate in the process.  In the event a party does not have the authority to enter into a settlement, then a representative of the entity that does have actual authority to enter into a settlement on behalf of the party shall also personally attend the mediations with the party.

The parties shall confer and select a mutually agreeable person to act as mediator in this case.  If the parties are unable to agree on a mediator the court will appoint a mediator at the Case Management Conference.

Each party shall pay their respective pro-rata cost of the mediation directly to the mediator.

## POLICIES/PROCEDURES

Please refer to the Court's web page www.16thcircuit.org for division policies and procedural information listed by each judge.

/S/ PATRICK WILLIAM CAMPBELL
PATRICK WILLIAM CAMPBELL**, Circuit Judge**

### Certificate of Service
This is to certify that a copy of the foregoing was mailed postage pre-paid or hand delivered to the plaintiff with the delivery of the file-stamped copy of the petition.  It is further certified that a copy of the foregoing will be served with the summons on each defendant named in this action.

Attorney for Plaintiff(s):
LEWIS MICHAEL GALLOWAY, LG LAW LLC, 1600 GENESSEE ST, STE 918, KANSAS CITY, MO 64102

Defendant(s):
CST INDUSTRIES, INC.

Dated:  25-JAN-2021

MARY A. MARQUEZ
Court Administrator

Electronically Filed - Jackson - Kansas City - January 19, 2021 - 09:30 AM

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT KANSAS CITY

| | | |
|---|---|---|
| CRAIG BRADSHAW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | Division |
| CST INDUSTRIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### MOTION FOR APPOINTMENT OF PRIVATE PROCESS SERVER

COMES NOW Plaintiff Craig Bradshaw, by and through jos counsel of record, and, pursuant to Missouri Supreme Court Rules 54.13 and 54.14, hereby moves for the approval and appointment of HPS Process Service & Investigations, Inc. and their affiliates as private process servers in the above-captioned matter.

| | |
|---|---|
| William Acree | PPS21-0488 |
| Michael Adamo | PPS21-0234 |
| Jan Adams | PPS21-0092 |
| Roger Adams | PPS21-0093 |
| Kyle A. Adcock | PPS21-0489 |
| Alisha Allen | PPS21-0094 |
| Sandra Allen | PPS21-0095 |
| Cheryl Anderson | PPS21-0236 |
| Victor Aponte | PPS21-0096 |
| Teresa Bailly | PPS21-0097 |
| Raymond Bandy | PPS21-0098 |
| Joseph L. Baska | PPS21-0490 |
| Robert Bassler | PPS21-0242 |
| Keith Blanchard | PPS21-0248 |
| Carrington Bell | PPS21-0025 |
| George Bell | PPS21-0243 |
| Alexander R. Blea | PPS21-0249 |
| Dianna J. Blea | PPS21-0250 |
| Richard J. Blea | PPS21-0251 |
| Kathy Broom | PPS21-0256 |
| Douglas S. Brower | PPS21-0257 |
| Jeff Brown | PPS21-0030 |
| James Burke | PPS21-0105 |

| | |
|---|---|
| Alese Burris | PPS21-0106 |
| Randy Burrow | PPS21-0107 |
| Gary Burt | PPS21-0031 |
| Stephen C. Buskirk | PPS21-0259 |
| Steve Butcher | PPS21-0260 |
| Melvin Cahoon | PPS21-0492 |
| Danny Callahan | PPS21-0109 |
| Anna Canole | PPS21-0263 |
| William Caputo | PPS21-0110 |
| Charles Casey | PPS21-0111 |
| George Castillo | PPS21-0112 |
| Carolyn S. Champlin | PPS21-0264 |
| Alicia Clements | PPS21-0494 |
| John A. Clor | PPS21-0266 |
| Kathleen Clor | PPS21-0267 |
| Chad Compton | PPS21-0116 |
| Kenneth Condrey | PPS21-0118 |
| Sharon Condrey | PPS21-0119 |
| Kathy Cook | PPS21-0121 |
| Theodore Cordasco | PPS21-0269 |
| George Covert | PPS21-0270 |
| Michael Currie | PPS21-0273 |
| Bryce E. Dearborn | PPS21-0274 |
| Jennie Deaton | PPS21-0275 |
| Robert DeLacy, Jr. | PPS21-0276 |
| Robert DeLacy, III | PPS21-0277 |
| Dominic Dellaporte | PPS21-0123 |
| Ricardo Delpratt | PPS21-0124 |
| Claudia A. Dohn | PPS21-0280 |
| Dale Dorning | PPS21-0127 |
| Cathrene Drake | PPS21-0128 |
| Rebecca J. Dressler | PPS21-0282 |
| Alexander C. Duaine | PPS21-0283 |
| Daniel Eberle | PPS21-0129 |
| Jessica L. Ellison | PPS21-0288 |
| Abel Emiru | PPS21-0130 |
| Donald C. Eskra, Jr. | PPS21-0289 |
| Leticia Estrada | PPS21-0290 |
| Robert D. Fairbanks | PPS21-0292 |
| Brenna Faker | PPS21-0495 |
| Michael Feehan | PPS21-0496 |
| William F. Ferrell | PPS21-0034 |
| Robert Finley | PPS21-0035 |
| Mayra Flores | PPS21-0295 |
| Robert Fluharty | PPS21-0298 |

| | |
|---|---|
| Ryan D. Fortune | PPS21-0299 |
| James Frago | PPS21-0036 |
| John Frago | PPS21-0037 |
| Darin Freeman, Jr. | PPS21-0133 |
| Kelsey Garrett | PPS21-0302 |
| Charles Gay | PPS21-0135 |
| Richard Gerber | PPS21-0303 |
| Louis Gerrick | PPS21-0136 |
| Kurie L. Ghersini | PPS21-0304 |
| Terri Gilam | PPS21-0137 |
| Paul Gizel | PPS21-0305 |
| Adam Golden | PPS21-0306 |
| Bradley Gordon | PPS21-0038 |
| Tom Gorgone | PPS21-0139 |
| Christina Gregory | PPS21-0141 |
| Lynne Grimes | PPS21-0308 |
| Paul Grimes | PPS21-0142 |
| Charles Gunning | PPS21-0040 |
| Leon Gustus | PPS21-0144 |
| David W. Hahn | PPS21-0309 |
| Eric W. Hahn | PPS21-0310 |
| Stefanie A. Hahn | PPS21-0311 |
| Darnell Hamilton | PPS21-0145 |
| Kimberly Hamilton | PPS21-0313 |
| Raymond A. Hamilton, III | PPS21-0314 |
| Sheila Hand | PPS21-0498 |
| Timothy S. Hansen | PPS21-0316 |
| Christy Hartline | PPS21-0146 |
| James Harvey | PPS21-0147 |
| Grace Hazell | PPS21-0321 |
| Stephen Heitz | PPS21-0044 |
| Teresa Y. Hendricks | PPS21-0323 |
| Austen Hendrickson | PPS21-0324 |
| Jonathan D. Hennings | PPS21-0149 |
| Taylor Herren | PPS21-0150 |
| Michael Hibler | PPS21-0151 |
| James Hise | PPS21-0045 |
| Gary F. Hodges | PPS21-0327 |
| DeMarian Houston | PPS21-0330 |
| Martin J. Hueckel | PPS21-0152 |
| Anthony Iavarone | PPS21-0154 |
| George Illidge | PPS21-0155 |
| Bobby Inman | PPS21-0499 |
| Frank James | PPS21-0156 |

Electronically Filed - Jackson - Kansas City - January 19, 2021 - 09:30 AM

| | |
|---|---|
| Matthew Jankowski | PPS21-0336 |
| Betty A. Johnson | PPS21-0157 |
| Mike Johnson | PPS21-0047 |
| Randy Johnson | PPS21-0338 |
| Tawanda Johnson | PPS21-0048 |
| Rex D. Jones | PPS21-0339 |
| Samuel L. Jones, Jr. | PPS21-0340 |
| Kenneth J. Kearney | PPS21-0342 |
| Leisa L. Ketron | PPS21-0009 |
| Jeff Kimball | PPS21-0344 |
| Brent Kirkhart | PPS21-0051 |
| Janice Kirkhart | PPS21-0052 |
| Tyler Kirkhart | PPS21-0053 |
| Kenneth Klewicki | PPS21-0158 |
| Wyman T. Kroft | PPS21-0159 |
| Cody Kyser | PPS21-0161 |
| Andrea M. Lambros | PPS21-0349 |
| Joann Lane | PPS21-0163 |
| Casey Lanford | PPS21-0350 |
| James R. LaRiviere | PPS21-0164 |
| Kristie S. Lewis | PPS21-0165 |
| John Lichtenegger | PPS21-0354 |
| Bryan Liebhart | PPS21-0166 |
| Bert Lott | PPS21-0054 |
| Ellen C. MacFarland | PPS21-0169 |
| Robert Maliuuk | PPS21-0359 |
| Winnonna Maliuuk | PPS21-0360 |
| Deborah Martin | PPS21-0055 |
| Michael Martin | PPS21-0056 |
| Roger C. Martucci | PPS21-0365 |
| Seon Mastain | PPS21-0172 |
| Thomas Matthews | PPS21-0366 |
| Kristin Mayo | PPS21-0501 |
| Michael McCann | PPS21-0173 |
| Michael McMahon | PPS21-0174 |
| Michael Meador | PPS21-0058 |
| Jerry Melber | PPS21-0176 |
| Eric Mendenhall | PPS21-0369 |
| Jenna Mendoza | PPS21-0177 |
| Michael S. Miller | PPS21-0062 |
| Matthew Millhollin | PPS21-0063 |
| Christopher F. Miranda | PPS21-0372 |
| Karina Miranda | PPS21-0373 |
| Vivian Mitchell | PPS21-0180 |
| Carla Monegain | PPS21-0377 |

| | |
|---|---|
| Carlos Moreno | PPS21-0181 |
| Michael S. Morrison | PPS21-0378 |
| Vadall Morrow | PPS21-0503 |
| Zachary Mueller | PPS21-0379 |
| Bruce Munro | PPS21-0504 |
| Sharon K. Murphy | PPS21-0380 |
| Kelly Murski | PPS21-0182 |
| Paul Nardizzi | PPS21-0184 |
| Wendy Neff | PPS21-0505 |
| Jeremy Nicholas | PPS21-0065 |
| Jeffrey Nichols | PPS21-0186 |
| Michael Noble | PPS21-0066 |
| Michael Nolan | PPS21-0188 |
| Colter Norris | PPS21-0385 |
| Dennis Norris | PPS21-0386 |
| Kody Norris | PPS21-0387 |
| Trinity Olson | PPS21-0189 |
| Elizabeth Ostman | PPS21-0190 |
| J.W. Padgett | PPS21-0389 |
| Craig Palmer | PPS21-0390 |
| Cynthia Paris | PPS21-0191 |
| Phillip Penn | PPS21-0192 |
| John Perez | PPS21-0392 |
| George R. Perry | PPS21-0393 |
| Nathaniel Petty | PPS21-0506 |
| Anha Pham | PPS21-0396 |
| Thai Pham | PPS21-0397 |
| Vincent Piazza | PPS21-0194 |
| Brian Pierce | PPS21-0195 |
| Timothy Pinney | PPS21-0196 |
| Joshua Pitts | PPS21-0197 |
| Craig J. Podgurski, Jr. | PPS21-0399 |
| Nancy A. Porter | PPS21-0401 |
| Benjamin Purser | PPS21-0198 |
| Richard J. Ramirez | PPS21-0199 |
| Christopher Reed | PPS21-0200 |
| Edward R. Reed | PPS21-0405 |
| Betty Rice | PPS21-0201 |
| Karen Rice | PPS21-0202 |
| Terri Richards | PPS21-0203 |
| Cheryl Richey | PPS21-0204 |
| Debra Rios | PPS21-0409 |
| David M. Roberts | PPS21-0016 |
| Patricia J. Roberts | PPS21-0017 |
| Adrienne M. Rodriguez | PPS21-0412 |

| | |
|---|---|
| Gabriel L. Rodriguez | PPS21-0413 |
| Richard Ross | PPS21-0205 |
| Edna Russell | PPS21-0078 |
| Mark Russell, Jr. | PPS21-0206 |
| Brenda Schiwitz | PPS21-0079 |
| Nathaniel Scott | PPS21-0210 |
| Grant Selvey | PPS21-0211 |
| Raymond A. Sinclair | PPS21-0421 |
| Laura Skinner | PPS21-0080 |
| Thomas Skinner | PPS21-0081 |
| Jeremy Small | PPS21-0215 |
| Anthony Spada | PPS21-0083 |
| Melissa Spencer | PPS21-0423 |
| Jamie Stallo | PPS21-0217 |
| Barbara J. Steil | PPS21-0425 |
| Randy Stone | PPS21-0219 |
| Sonja Stone | PPS21-0218 |
| Steven A. Stosur | PPS21-0426 |
| Robert T. Stover | PPS21-0021 |
| Brittney Strozier | PPS21-0221 |
| Kimberly Swanson | PPS21-0508 |
| Ramona R. Talvacchio | PPS21-0428 |
| Dolores Tedesco | PPS21-0222 |
| Grant Thomas | PPS21-0431 |
| Michelle Thomlin | PPS21-0432 |
| Gabriel E. Tranum | PPS21-0433 |
| Clinton Turpen | PPS21-0509 |
| Paul Turpen | PPS21-0510 |
| Christa Vanmeter | PPS21-0224 |
| Harold Vantassel | PPS21-0225 |
| Margarito Vasquey | PPS21-0435 |
| Robert Vick, II | PPS21-0226 |
| Brad Votaw | PPS21-0227 |
| Joseph T. Wachowski | PPS21-0438 |
| Ambiko Wallace | PPS21-0228 |
| Vance Warren, Sr. | PPS21-0229 |
| Stephen R. Waters | PPS21-0440 |
| Barbara A. West | PPS21-0443 |
| Derek L. Weston | PPS21-0444 |
| Jane A. Weston | PPS21-0445 |
| Pamela Wheetley | PPS21-0086 |
| Jonathan Wilkerson | PPS21-0449 |
| Gregory Willing | PPS21-0088 |
| Mitchell A. Wirth | PPS21-0452 |
| Connie Wilson | PPS21-0089 |

6

| Adrienne D. Yates | PPS21-0455 |
| --- | --- |

In support of his motion, Plaintiff states that the above-named individuals are on the Court's list of approved process servers and the information contained in their applications and affidavits on file is current and still correct.

Respectfully submitted,



/s/ Lewis M. Galloway
Lewis Galloway     Missouri Bar No. 52417
1600 Genessee St Ste 918
Kansas City, MO 64102
Phone: (816) 442-7002
Fax:     (816) 326-0820
lewis@lglawllc.com

ATTORNEY FOR PLAINTIFF

7

## <u>ORDER FOR APPOINTMENT OF PRIVATE PROCESS SERVER</u>

It is hereby ordered that Plaintiff's Motion for Appointment of Private Process Server is sustained and the above named individuals are hereby appointed to serve process in the above captioned matter.

DATE: _____            _____
                                           Judge or Circuit Clerk

8

Electronically Filed - Jackson - Kansas City - January 19, 2021 - 09:30 AM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY**

| | | |
|---|---|---|
| CRAIG BRADSHAW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | Division |
| CST INDUSTRIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of January, 2021, a copy of Plaintiff's First

Interrogatories and First Requests for Production of Documents to Defendant CST Industries, Inc.

were served upon:

> Ben A. McMillen
> Husch Blackwell LLP
> 4801 Main St Ste 1000
> Kansas City, MO 64112
> ben.mcmillen@huschblackwell.com

Respectfully submitted,



/s/ Lewis M. Galloway
Lewis Galloway     Missouri Bar No. 52417
1600 Genessee St Ste 918
Kansas City, MO 64102
Phone: (816) 442-7002
Fax:    (816) 326-0820
lewis@lglawllc.com

ATTORNEY FOR PLAINTIFF

Electronically Filed - Jackson - Kansas City - January 19, 2021 - 09:30 AM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY**

CRAIG BRADSHAW,                          )
                                         )
       Plaintiff,              )
                                         )
v.                                       )      Case No.
                                         )      Division
CST INDUSTRIES, INC.,                    )
                                         )
       Defendant.             )

**MOTION FOR APPOINTMENT OF PRIVATE PROCESS SERVER**

COMES NOW Plaintiff Craig Bradshaw, by and through jos counsel of record, and, pursuant to Missouri Supreme Court Rules 54.13 and 54.14, hereby moves for the approval and appointment of HPS Process Service & Investigations, Inc. and their affiliates as private process servers in the above-captioned matter.

| | |
|---|---|
| William Acree | PPS21-0488 |
| Michael Adamo | PPS21-0234 |
| Jan Adams | PPS21-0092 |
| Roger Adams | PPS21-0093 |
| Kyle A. Adcock | PPS21-0489 |
| Alisha Allen | PPS21-0094 |
| Sandra Allen | PPS21-0095 |
| Cheryl Anderson | PPS21-0236 |
| Victor Aponte | PPS21-0096 |
| Teresa Bailly | PPS21-0097 |
| Raymond Bandy | PPS21-0098 |
| Joseph L. Baska | PPS21-0490 |
| Robert Bassler | PPS21-0242 |
| Keith Blanchard | PPS21-0248 |
| Carrington Bell | PPS21-0025 |
| George Bell | PPS21-0243 |
| Alexander R. Blea | PPS21-0249 |
| Dianna J. Blea | PPS21-0250 |
| Richard J. Blea | PPS21-0251 |
| Kathy Broom | PPS21-0256 |
| Douglas S. Brower | PPS21-0257 |
| Jeff Brown | PPS21-0030 |
| James Burke | PPS21-0105 |

| | |
|---|---|
| Alese Burris | PPS21-0106 |
| Randy Burrow | PPS21-0107 |
| Gary Burt | PPS21-0031 |
| Stephen C. Buskirk | PPS21-0259 |
| Steve Butcher | PPS21-0260 |
| Melvin Cahoon | PPS21-0492 |
| Danny Callahan | PPS21-0109 |
| Anna Canole | PPS21-0263 |
| William Caputo | PPS21-0110 |
| Charles Casey | PPS21-0111 |
| George Castillo | PPS21-0112 |
| Carolyn S. Champlin | PPS21-0264 |
| Alicia Clements | PPS21-0494 |
| John A. Clor | PPS21-0266 |
| Kathleen Clor | PPS21-0267 |
| Chad Compton | PPS21-0116 |
| Kenneth Condrey | PPS21-0118 |
| Sharon Condrey | PPS21-0119 |
| Kathy Cook | PPS21-0121 |
| Theodore Cordasco | PPS21-0269 |
| George Covert | PPS21-0270 |
| Michael Currie | PPS21-0273 |
| Bryce E. Dearborn | PPS21-0274 |
| Jennie Deaton | PPS21-0275 |
| Robert DeLacy, Jr. | PPS21-0276 |
| Robert DeLacy, III | PPS21-0277 |
| Dominic Dellaporte | PPS21-0123 |
| Ricardo Delpratt | PPS21-0124 |
| Claudia A. Dohn | PPS21-0280 |
| Dale Dorning | PPS21-0127 |
| Cathrene Drake | PPS21-0128 |
| Rebecca J. Dressler | PPS21-0282 |
| Alexander C. Duaine | PPS21-0283 |
| Daniel Eberle | PPS21-0129 |
| Jessica L. Ellison | PPS21-0288 |
| Abel Emiru | PPS21-0130 |
| Donald C. Eskra, Jr. | PPS21-0289 |
| Leticia Estrada | PPS21-0290 |
| Robert D. Fairbanks | PPS21-0292 |
| Brenna Faker | PPS21-0495 |
| Michael Feehan | PPS21-0496 |
| William F. Ferrell | PPS21-0034 |
| Robert Finley | PPS21-0035 |
| Mayra Flores | PPS21-0295 |
| Robert Fluharty | PPS21-0298 |

| | |
|---|---|
| Ryan D. Fortune | PPS21-0299 |
| James Frago | PPS21-0036 |
| John Frago | PPS21-0037 |
| Darin Freeman, Jr. | PPS21-0133 |
| Kelsey Garrett | PPS21-0302 |
| Charles Gay | PPS21-0135 |
| Richard Gerber | PPS21-0303 |
| Louis Gerrick | PPS21-0136 |
| Kurie L. Ghersini | PPS21-0304 |
| Terri Gilam | PPS21-0137 |
| Paul Gizel | PPS21-0305 |
| Adam Golden | PPS21-0306 |
| Bradley Gordon | PPS21-0038 |
| Tom Gorgone | PPS21-0139 |
| Christina Gregory | PPS21-0141 |
| Lynne Grimes | PPS21-0308 |
| Paul Grimes | PPS21-0142 |
| Charles Gunning | PPS21-0040 |
| Leon Gustus | PPS21-0144 |
| David W. Hahn | PPS21-0309 |
| Eric W. Hahn | PPS21-0310 |
| Stefanie A. Hahn | PPS21-0311 |
| Darnell Hamilton | PPS21-0145 |
| Kimberly Hamilton | PPS21-0313 |
| Raymond A. Hamilton, III | PPS21-0314 |
| Sheila Hand | PPS21-0498 |
| Timothy S. Hansen | PPS21-0316 |
| Christy Hartline | PPS21-0146 |
| James Harvey | PPS21-0147 |
| Grace Hazell | PPS21-0321 |
| Stephen Heitz | PPS21-0044 |
| Teresa Y. Hendricks | PPS21-0323 |
| Austen Hendrickson | PPS21-0324 |
| Jonathan D. Hennings | PPS21-0149 |
| Taylor Herren | PPS21-0150 |
| Michael Hibler | PPS21-0151 |
| James Hise | PPS21-0045 |
| Gary F. Hodges | PPS21-0327 |
| DeMarian Houston | PPS21-0330 |
| Martin J. Hueckel | PPS21-0152 |
| Anthony Iavarone | PPS21-0154 |
| George Illidge | PPS21-0155 |
| Bobby Inman | PPS21-0499 |
| Frank James | PPS21-0156 |

3

| | |
|---|---|
| Matthew Jankowski | PPS21-0336 |
| Betty A. Johnson | PPS21-0157 |
| Mike Johnson | PPS21-0047 |
| Randy Johnson | PPS21-0338 |
| Tawanda Johnson | PPS21-0048 |
| Rex D. Jones | PPS21-0339 |
| Samuel L. Jones, Jr. | PPS21-0340 |
| Kenneth J. Kearney | PPS21-0342 |
| Leisa L. Ketron | PPS21-0009 |
| Jeff Kimball | PPS21-0344 |
| Brent Kirkhart | PPS21-0051 |
| Janice Kirkhart | PPS21-0052 |
| Tyler Kirkhart | PPS21-0053 |
| Kenneth Klewicki | PPS21-0158 |
| Wyman T. Kroft | PPS21-0159 |
| Cody Kyser | PPS21-0161 |
| Andrea M. Lambros | PPS21-0349 |
| Joann Lane | PPS21-0163 |
| Casey Lanford | PPS21-0350 |
| James R. LaRiviere | PPS21-0164 |
| Kristie S. Lewis | PPS21-0165 |
| John Lichtenegger | PPS21-0354 |
| Bryan Liebhart | PPS21-0166 |
| Bert Lott | PPS21-0054 |
| Ellen C. MacFarland | PPS21-0169 |
| Robert Maliuuk | PPS21-0359 |
| Winnonna Maliuuk | PPS21-0360 |
| Deborah Martin | PPS21-0055 |
| Michael Martin | PPS21-0056 |
| Roger C. Martucci | PPS21-0365 |
| Seon Mastain | PPS21-0172 |
| Thomas Matthews | PPS21-0366 |
| Kristin Mayo | PPS21-0501 |
| Michael McCann | PPS21-0173 |
| Michael McMahon | PPS21-0174 |
| Michael Meador | PPS21-0058 |
| Jerry Melber | PPS21-0176 |
| Eric Mendenhall | PPS21-0369 |
| Jenna Mendoza | PPS21-0177 |
| Michael S. Miller | PPS21-0062 |
| Matthew Millhollin | PPS21-0063 |
| Christopher F. Miranda | PPS21-0372 |
| Karina Miranda | PPS21-0373 |
| Vivian Mitchell | PPS21-0180 |
| Carla Monegain | PPS21-0377 |

4

| | |
|---|---|
| Carlos Moreno | PPS21-0181 |
| Michael S. Morrison | PPS21-0378 |
| Vadall Morrow | PPS21-0503 |
| Zachary Mueller | PPS21-0379 |
| Bruce Munro | PPS21-0504 |
| Sharon K. Murphy | PPS21-0380 |
| Kelly Murski | PPS21-0182 |
| Paul Nardizzi | PPS21-0184 |
| Wendy Neff | PPS21-0505 |
| Jeremy Nicholas | PPS21-0065 |
| Jeffrey Nichols | PPS21-0186 |
| Michael Noble | PPS21-0066 |
| Michael Nolan | PPS21-0188 |
| Colter Norris | PPS21-0385 |
| Dennis Norris | PPS21-0386 |
| Kody Norris | PPS21-0387 |
| Trinity Olson | PPS21-0189 |
| Elizabeth Ostman | PPS21-0190 |
| J.W. Padgett | PPS21-0389 |
| Craig Palmer | PPS21-0390 |
| Cynthia Paris | PPS21-0191 |
| Phillip Penn | PPS21-0192 |
| John Perez | PPS21-0392 |
| George R. Perry | PPS21-0393 |
| Nathaniel Petty | PPS21-0506 |
| Anha Pham | PPS21-0396 |
| Thai Pham | PPS21-0397 |
| Vincent Piazza | PPS21-0194 |
| Brian Pierce | PPS21-0195 |
| Timothy Pinney | PPS21-0196 |
| Joshua Pitts | PPS21-0197 |
| Craig J. Podgurski, Jr. | PPS21-0399 |
| Nancy A. Porter | PPS21-0401 |
| Benjamin Purser | PPS21-0198 |
| Richard J. Ramirez | PPS21-0199 |
| Christopher Reed | PPS21-0200 |
| Edward R. Reed | PPS21-0405 |
| Betty Rice | PPS21-0201 |
| Karen Rice | PPS21-0202 |
| Terri Richards | PPS21-0203 |
| Cheryl Richey | PPS21-0204 |
| Debra Rios | PPS21-0409 |
| David M. Roberts | PPS21-0016 |
| Patricia J. Roberts | PPS21-0017 |
| Adrienne M. Rodriguez | PPS21-0412 |

| | |
|---|---|
| Gabriel L. Rodriguez | PPS21-0413 |
| Richard Ross | PPS21-0205 |
| Edna Russell | PPS21-0078 |
| Mark Russell, Jr. | PPS21-0206 |
| Brenda Schiwitz | PPS21-0079 |
| Nathaniel Scott | PPS21-0210 |
| Grant Selvey | PPS21-0211 |
| Raymond A. Sinclair | PPS21-0421 |
| Laura Skinner | PPS21-0080 |
| Thomas Skinner | PPS21-0081 |
| Jeremy Small | PPS21-0215 |
| Anthony Spada | PPS21-0083 |
| Melissa Spencer | PPS21-0423 |
| Jamie Stallo | PPS21-0217 |
| Barbara J. Steil | PPS21-0425 |
| Randy Stone | PPS21-0219 |
| Sonja Stone | PPS21-0218 |
| Steven A. Stosur | PPS21-0426 |
| Robert T. Stover | PPS21-0021 |
| Brittney Strozier | PPS21-0221 |
| Kimberly Swanson | PPS21-0508 |
| Ramona R. Talvacchio | PPS21-0428 |
| Dolores Tedesco | PPS21-0222 |
| Grant Thomas | PPS21-0431 |
| Michelle Thomlin | PPS21-0432 |
| Gabriel E. Tranum | PPS21-0433 |
| Clinton Turpen | PPS21-0509 |
| Paul Turpen | PPS21-0510 |
| Christa Vanmeter | PPS21-0224 |
| Harold Vantassel | PPS21-0225 |
| Margarito Vasquey | PPS21-0435 |
| Robert Vick, II | PPS21-0226 |
| Brad Votaw | PPS21-0227 |
| Joseph T. Wachowski | PPS21-0438 |
| Ambiko Wallace | PPS21-0228 |
| Vance Warren, Sr. | PPS21-0229 |
| Stephen R. Waters | PPS21-0440 |
| Barbara A. West | PPS21-0443 |
| Derek L. Weston | PPS21-0444 |
| Jane A. Weston | PPS21-0445 |
| Pamela Wheetley | PPS21-0086 |
| Jonathan Wilkerson | PPS21-0449 |
| Gregory Willing | PPS21-0088 |
| Mitchell A. Wirth | PPS21-0452 |
| Connie Wilson | PPS21-0089 |

| Adrienne D. Yates | PPS21-0455 |
|---|---|

    In support of his motion, Plaintiff states that the above-named individuals are on the Court's list of approved process servers and the information contained in their applications and affidavits on file is current and still correct.

Respectfully submitted,



/s/ Lewis M. Galloway
Lewis Galloway    Missouri Bar No. 52417
1600 Genessee St Ste 918
Kansas City, MO 64102
Phone: (816) 442-7002
Fax:    (816) 326-0820
lewis@lglawllc.com

ATTORNEY FOR PLAINTIFF

## <u>ORDER FOR APPOINTMENT OF PRIVATE PROCESS SERVER</u>

It is hereby ordered that Plaintiff's Motion for Appointment of Private Process Server is sustained and the above named individuals are hereby appointed to serve process in the above captioned matter.

DATE: _____25-Jan-2021_____

_____
DEPUTY COURT ADMINISTRATOR

8



IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>PATRICK WILLIAM CAMPBELL | Case Number:  2116-CV01484 |
|---|---|
| Plaintiff/Petitioner:<br>CRAIG BRADSHAW | Plaintiff's/Petitioner's Attorney/Address<br>LEWIS MICHAEL GALLOWAY<br>LG LAW LLC<br>1600 GENESSEE ST<br>STE 918<br>KANSAS CITY, MO  64102 |
| **vs.** | |
| Defendant/Respondent:<br>CST INDUSTRIES, INC. | Court Address:<br>415 E 12th<br>KANSAS CITY, MO  64106 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** CST INDUSTRIES, INC.
   **Alias:**

**903 E 104TH ST**
**KANSAS CITY, MO  64131**

**PRIVATE PROCESS SERVER**

*COURT SEAL OF*



*JACKSON COUNTY*

   **You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

   25-JAN-2021
   _____
   Date

   _____
   Clerk

   Further Information:

---

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                              Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*       Subscribed and sworn to before me on _____ (date).

       My commission expires: _____          _____
                                               Date                                               Notary Public

| **Sheriff's Fees** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $   10.00 |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7/2018) SM30 (JACKSMCC) *For Court Use Only:* **Document Id # 21-SMCC-596**  1 of  1 Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:21-cv-00125-WBG   Document 1-2   Filed 02/26/21   Page 40 of 65

# SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.

Circuit Court of Jackson County

6/2020

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT KANSAS CITY

| | | |
|---|---|---|
| CRAIG BRADSHAW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2116-CV01484 |
| | ) | Division 10 |
| CST INDUSTRIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT CST INDUSTRIES, INC.

Pursuant to Rule 57.01, Plaintiff Craig Bradshaw propounds the following interrogatories to Defendant CST Industries, Inc., to be answered separately and fully in writing, under oath, within thirty (30) days from the date of service.

## INSTRUCTIONS

1.     The interrogatories herein shall be deemed continuing interrogatories, and you are to supplement your answers promptly, if and when you obtain relevant information in addition to, or in any way inconsistent with your initial answers to the interrogatories.

2.     If you object to, or otherwise decline to answer any portion of the interrogatories, provide all information called for by that portion of the interrogatory to which you do not object or which you do not decline to answer. If you object to any interrogatory on the ground that it is too broad (*i.e.*, that it calls for information which is relevant to the subject matter of the action and information which is not), provide such information which is concededly relevant. If you object to any interrogatory on the ground that to provide an answer would constitute an undue burden, provide such requested information as can be supplied without undertaking an undue burden. For that portion of any interrogatory to which you object or otherwise decline to answer, state the reason for such objection or declination. If you object to any portion of any interrogatory on the

ground that it seeks privileged information, identify all persons to whom such information was and has been communicated, the general nature of such information, the nature of the privilege asserted, and the dates of any communications of documents for which privilege is asserted.

3.      If you can fully and completely respond to the interrogatories by producing documents, then particularly identify those specific documents that provide the responses for interrogatories and label each document so produced with the number and sub-part of the interrogatory.

4.      All information is to be divulged which is in your possession or control or can be ascertained upon reasonable investigation of areas within your control.  The knowledge of your attorney is deemed to be your knowledge so that, apart from privileged matters, if your attorney has knowledge of the information sought to be elicited herein, said knowledge must be incorporated into these answers even if such information is unknown to you individually.

5.  "And" and "or" shall be construed disjunctively or conjunctively as necessary in order to bring within the scope of the interrogatory all responses which might otherwise be construed to be outside its scope.

## **DEFINITIONS**

The term "document" as used in these interrogatories includes (but is not limited to) any and all writings, papers, documents, computer memory/data/metadata and/or other materials, whether handwritten, typewritten, printed, recorded, stored or produced by any mechanical, electronic, magnetic, optical or other process, including any electronically stored data as an "active" file or files (readily readable by one or more computer applications or forensic software); any "deleted" but recoverable electronic files on said media; any electronic file fragments (files that have been deleted and partially overwritten with new data) and slack (data fragments stored

2

randomly from random access memory on a hard drive during the normal operation of a computer or residual data left on the hard drive after new data has overwritten some but not all of previously stored data); including but not limited to: memoranda, inter-office communications, e-mail or any other communication of any other kind; summaries or records of telephone conversations, summaries or records of personal conversations or interviews; bills, records, graphs, reports, notebooks, plans, photographs; summaries of records of meetings or conferences including but not limited to shareholder meetings, director meetings, and other corporate or partnership meetings; summaries or reports of investigations, letters, transcripts, computer printouts, tape recordings; all carbons or photocopies bearing any underlining, highlighting, additions, corrections or marginal notations; films, photographs and other tangible things; and all other writings or materials in Defendant's possession or custody or control wherever located.

The term "CST" as used in these interrogatories shall mean and include Defendant CST Industries, Inc., including its agents, servants, employees, contractors, attorneys, heirs, successors, assigns, or others acting on its behalf.

The term "Defendant" as used in these interrogatories shall mean and include Defendant CST Industries, Inc., including its agents, servants, employees, contractors, attorneys, heirs, successors, assigns, or others acting on its behalf.

The term "Plaintiff" as used in these interrogatories shall mean and include Plaintiff Craig Bradshaw, including anyone acting on his behalf.

The term "the Employment" as used in these interrogatories shall mean and include that period of time during which Plaintiff was employed by Defendant.

The term "May 2020 employment termination program" as used in these interrogatories shall mean the reduction in force undertaken by Defendant that included the termination of Plaintiff's employment.

The term "the Petition" as used in these interrogatories shall mean the Petition filed by Plaintiff in this lawsuit.

The term "identify" when used in reference to an individual means to state the person's name, age, employer, last-known residence address and business address, occupation, and business and residence telephone numbers and to state precisely what the person said and did concerning the matters inquired by each interrogatory.

The term "identify," when used in reference to a document, means to state the type of document or some other means of identifying it, its date, its author, its addressee, its present location and the name and address of its custodian.

The term "identify," when used in reference to a communication, means to state whether it was verbal, oral or written, identify the parties and witnesses to the communication, state the date and place of the communication, and state the substance of the communication.

## **INTERROGATORIES**

1. State the name, title, job duties, and residential address of the person(s) answering these interrogatories on behalf of Defendant.  Please provide the same information for all other persons who assisted in answering these interrogatories, and identify the matters on which they provided assistance.

   **ANSWER**:

2. Identify all persons known to you or reported to you, your agents, attorneys, or others acting on your behalf, believed to possess knowledge regarding the events and/or the damages referenced in the Petition or in Plaintiff's charge(s) of discrimination, to have been present at the time of any events alleged in the Petition or in Plaintiff's charge(s) of discrimination, and/or believed to possess knowledge of any factual matters supporting your Affirmative Defenses.

   For each person listed, state their name, address, telephone numbers (including cellular telephone numbers), and current employer, and describe the general nature of any knowledge they are believed to possess.

   **ANSWER**:

3. Identify every statement you have (whether written, recorded, stenographic, or otherwise) from Plaintiff, within the meaning of Rule 56.01, concerning this action or its subject matter. For each statement identified, provide the following:

    A. Date the statement was made;
    B. Name and address of each person who you believe witnessed the statement and whether you believe they were an employee or agent of Defendant;
    C. The method by which the statement was taken:
    D. If written, recorded, or stenographic, whether it was signed and by whom; and,
    E. If written, recorded, or stenographic, the name and address of the present custodian of the statement.



**<u>ANSWER:</u>**


4. Please state what, if anything, Plaintiff said to you or any other persons in your presence about the events mentioned in Plaintiff's Petition or in Plaintiff's charges of discrimination.

**<u>ANSWER:</u>**

5. State whether Plaintiff satisfactorily performed Plaintiff's job duties to Defendant's satisfaction for all positions held with Defendant. If not, please itemize with specificity all facts and documents supporting your contention that Plaintiff's job performance was inadequate or unsatisfactory and for each criticism of Plaintiff's job performance identify by name, address, and phone number(s) all individuals believed to possess knowledge of any belief that Plaintiff's job performance was inadequate or unsatisfactory for any reason.

   **ANSWER**:

6. State whether Defendant terminated Plaintiff. If yes, please:

   A. Identify the name, last known address, phone number, age, employer and job title of each and every person who in any way participated in the decision to terminate Plaintiff;
   B. Identify the reason(s) for the termination of Plaintiff's employment;
   C. Identify the name and last known address of each person who was present when Plaintiff's employment was terminated;
   D. Identify the name, last known address, phone number, age, employer and job title of each and every person who assumed any of Plaintiff's previous job responsibilities after Plaintiff's employment ended; and,
   E. Identify each and every document upon which you base your answer to this Interrogatory.

   **ANSWER**:

7. Describe with specificity the eligibility factors and business rationale considered by Defendant as part of its May 2020 employment termination program.

   **<u>ANSWER:</u>**

8. Describe with specificity Defendant's analysis of its employees in advance of Defendant's May 2020 employment termination program. Include details related to the location and dates of any meetings or group assessments and provide a description of any materials distributed at any such meetings or group assessments, if any.

   **<u>ANSWER:</u>**

9. Identify by name, age, and title each individual not selected for termination as part of Defendant's August 2019 employment termination program.

   **<u>ANSWER:</u>**

8

10. Describe each and every investigation you or your agents conducted in relation to any of the following issues (please respond affirmatively or negatively to **each** sub-part below prior to providing additional, responsive information if it exists):

    A. Any report, complaint, suggestion, or contention that Defendant may have discriminated or retaliated against Plaintiff on any basis prior to Plaintiff filing a charge of discrimination; or,

    B. Any other circumstances supporting Plaintiff's termination.

For each investigation, identify the actual or approximate dates the investigation occurred, the general subject matter that was investigated, the individuals involved in conducting the investigation, the individuals interviewed or questioned during the investigation, the result or outcome of the investigation, including whether any employee or individual was disciplined, and if discipline was rendered, state the type of discipline each employee received and the person who decided upon each act of discipline, and describe all documents generated as a result of the investigation including but not limited to any handwritten notes, memoranda, and/or electronic memoranda or e-mails. **If any aspect of the investigation was undertaken at the direction of counsel, please identify which attorney(s) were involved, the date(s) of their involvement, and the general scope of their involvement in directing any aspect of the investigation for purposes of assessing any claimed privilege.**

**<u>ANSWER</u>**:

11. Identify all lawsuits, charges of discrimination, or other administrative proceedings in which you (or any of your affiliated companies) have been named as a party, since January 1, 2011, involving one or more allegations of age discrimination, disability discrimination, and/or retaliation involving a complaint of age or disability discrimination. Please provide a general description of the nature of each claim or action, the names of all parties, insurance companies, and attorneys involved, the date(s) on which the claim(s) were submitted, received, and/or resolved (if applicable), and the case number and tribunal where any charge or civil lawsuit was filed.

**<u>ANSWER</u>**:

12. Has Defendant received any other complaints involving matters of age discrimination, disability discrimination, and/or retaliation involving a complaint of age or disability discrimination since January 1, 2011?  If yes, please:

   A. States the name(s), address(es), and phone number(s) of any complaining employees;
   B. State the date(s) of each complaint or incident, and the manner in which you became aware of each complaint or incident;
   C. Identify all persons involved in each complaint or incident; and,
   D. Identify all documents, emails, or other records (electronic or otherwise) generated by you or your employees in relation to your investigation or handling of each complaint or incident.

   **<u>ANSWER</u>**:

13. Do you have any insurance agreements that will indemnify you, in whole, or in part, against any judgment Plaintiff may obtain in the instant action?

   (  ) Yes  (  ) No  If your answer is "Yes", state:

   A. The name and address of the insured(s) and the company or companies issuing such insurance agreements;
   B. The policy number and the type(s) of insurance coverage afforded through each policy;
   C. The limits of employment practices and personal injury coverage on the dates of the events mentioned in Plaintiff's Petition; and,
   D. Attach a copy of the Declaration Page or Certificate of Coverage of such policy of insurance to your answer to these Interrogatories.

   **<u>ANSWER</u>**:

14. As to each and every person whom you expect to call as an expert witness at trial, please state the following:

    A.  Full name and address, including street, city, state and zip code;

    B.  Occupation;

    C.  Place of employment;

    D.  All cases, including case number and jurisdiction, in which such expert has offered any opinion testimony, either in the form of a written report, affidavit, deposition or testimony at trial for the past 10 years;

    E.  Qualifications to give an opinion, or if such is available on the expert's curriculum vitae, such curriculum vitae may be attached to these interrogatory answers;

    F.  The general nature of the subject matter on which the expert is expected to testify; and,

    G.  The expert's hourly deposition fee.

**ANSWER**:

15. Identify the salary, including commissions or bonuses, which Plaintiff received during the period of his employment with Defendant, as well as all fringe benefit programs, including, but not limited to, health insurance, dental insurance, life insurance, retirement benefits, pension benefits, etc., which Plaintiff participated in, was eligible to participate in, and/or received during his employment with Defendant.

**ANSWER**:

Respectfully submitted,



/s/ Lewis M. Galloway

Lewis Galloway      Missouri Bar No. 52417
1600 Genessee St Ste 918
Kansas City, MO 64102
Phone: (816) 442-7002
Fax:     (816) 326-0820
lewis@lglawllc.com

ATTORNEY FOR PLAINTIFF

**VERIFICATION**

I, _____, being duly sworn on his/her oath, states that he/she serves as

_____ for Defendant in this cause, that he/she has read the foregoing answers to

Plaintiff's Interrogatories, and that the statements contained therein are true and accurate to the

best of his/her knowledge, unless otherwise stated.


_____
(Signature)

By: _____

Its: _____


Subscribed and sworn to before me this _____ day of _____, 2021.


_____
Notary Public


My commission expires:

_____

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT KANSAS CITY

CRAIG BRADSHAW,                           )

                                 )
            Plaintiff,             )

                                 )
v.                                )     Case No. 2116-CV01484
                                 )     Division 10
CST INDUSTRIES, INC.,              )

                                 )
            Defendant.          )

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT CST INDUSTRIES

Pursuant to Rule 58.01, Plaintiff Craig Bradshaw hereby requests production and inspection of the following documents and things from the above-referenced Defendant CST Industries, Inc., within thirty (30) days from the date of service, at 1600 Genessee Street, Suite 918, Kansas City, Missouri 64102.

If Defendant claims a privilege as to any of the documents requested, please provide a log which lists and identifies each such document, by stating its date, author, addressee, all copy recipients, subject matter, and the particular privilege claimed.

## INSTRUCTIONS

1.      The requests herein shall be deemed continuing requests, and you are to supplement your answers promptly, if and when you obtain relevant information in addition to, or in any way inconsistent with your initial answers to the interrogatories.

2.      If you object to, or otherwise decline to answer any portion of the requests, provide all information called for by that portion of the request to which you do not object or which you do not decline to answer. If you object to any request on the ground that it is too broad (*i.e.*, that it calls for information which is relevant to the subject matter of the action and information which

is not), provide such information which is concededly relevant. If you object to any request on the ground that to provide an answer would constitute an undue burden, provide such requested information as can be supplied without undertaking an undue burden. For that portion of any request to which you object or otherwise decline to answer, state the reason for such objection or declination. If you object to any portion of any request on the ground that it seeks privileged information, identify all persons to whom such information was and has been communicated, the general nature of such information, the nature of the privilege asserted, and the dates of any communications of documents for which privilege is asserted.

3.     All information is to be divulged which is in your possession or control or can be ascertained upon reasonable investigation of areas within your control. The knowledge of your attorney is deemed to be your knowledge so that, apart from privileged matters, if your attorney has knowledge of the information sought to be elicited herein, said knowledge must be incorporated into these answers even if such information is unknown to you individually.

4.     "And" and "or" shall be construed disjunctively or conjunctively as necessary in order to bring within the scope of the request all documents which might otherwise be construed to be outside its scope.

## **DEFINITIONS**

The term "document" as used in these requests includes (but is not limited to) any and all writings, papers, documents, computer memory/data/metadata and/or other materials, whether handwritten, typewritten, printed, recorded, stored or produced by any mechanical, electronic, magnetic, optical or other process, including any electronically stored data as an "active" file or files (readily readable by one or more computer applications or forensic software); any "deleted" but recoverable electronic files on said media; any electronic file fragments (files that have been deleted and partially overwritten with new data) and slack (data fragments stored randomly from

2

random access memory on a hard drive during the normal operation of a computer or residual data left on the hard drive after new data has overwritten some but not all of previously stored data); including but not limited to: memoranda, inter-office communications, e-mail or any other communication of any other kind; summaries or records of telephone conversations, summaries or records of personal conversations or interviews; bills, records, graphs, reports, notebooks, plans, photographs; summaries of records of meetings or conferences including but not limited to shareholder meetings, director meetings, and other corporate or partnership meetings; summaries or reports of investigations, letters, transcripts, computer printouts, tape recordings; all carbons or photocopies bearing any underlining, highlighting, additions, corrections or marginal notations; films, photographs and other tangible things; and all other writings or materials in Defendant's possession or custody or control wherever located.

wherever located.

The term "CST" as used in these interrogatories shall mean and include Defendant CST Industries, Inc., including its agents, servants, employees, contractors, attorneys, heirs, successors, assigns, or others acting on its behalf.

The term "Defendant" as used in these interrogatories shall mean and include Defendant CST Industries, Inc., including its agents, servants, employees, contractors, attorneys, heirs, successors, assigns, or others acting on its behalf.

The term "Plaintiff" as used in these interrogatories shall mean and include Plaintiff Craig Bradshaw, including anyone acting on his behalf.

The term "the Employment" as used in these requests shall mean and include that period of time during which Plaintiff was employed by Defendant.

3

The term "the Petition" as used in these requests shall mean the Petition filed by Plaintiff in this lawsuit.

<u>**REQUESTS**</u>

1.     All documents and tangible things that you have in your possession, custody, or control and may use to support your claims or defenses unless the use would be solely for impeachment.

2.     All documents and things that assisted you in answering any of Plaintiff's Interrogatories or Requests for Production of Documents.

3.     All documents identified in your answers to Plaintiff's Interrogatories.

**Insurance Coverage**

4.     A certified copy of every insurance policy that may provide coverage to you in this lawsuit as well as all applicable Declaration Pages or Certificates of Coverage.

5.     All documents and correspondence received from any insurance company communicating a denial of coverage, reservation of rights, or limitation of coverage, in relation to the claims asserted against you in this case.

**Statements**

6.     A copy of all recitals or statements you have from Plaintiff concerning this action or its subject matter, within the meaning of Rule 56.01, whether they be in writing, reduced to writing, stenotype, recorded or otherwise.

7.     A copy of all recitals or statements you have from Plaintiff related to the events or damages referenced in the Petition or in your Affirmative Defenses, whether they be in writing, reduced to writing, stenotype, recorded or otherwise.

8.     A copy of all recitals or statements you have from any employees, managers, independent contractors, or agents of Defendant, related to the events or damages referenced in the Petition, whether they be in writing, reduced to writing, stenotype, recorded or otherwise.

9.     All photographs, videotapes, or motion pictures of Plaintiff taken by you or anyone acting on your behalf.

**Additional Lawsuit Subject Matter**

10.     All files, documents, reports, recitals, statements, communications, text messages, interoffice/instant messaging communications, diaries, notes, journals, emails, reports and other memoranda maintained by you, your employees, your contractors, or your agents that concern or

4

reference the events or damages alleged in the Petition, any report or complaint that Defendant discriminated or retaliated against Plaintiff on any basis prior to Plaintiff filing a charge of discrimination, and/or any circumstances supporting Plaintiff's termination.

11.     All files, documents, emails, reports, recitals, statements, communications, text messages, interoffice/instant messaging communications, diaries, notes, journals, reports and other memoranda referencing any instance in which Plaintiff was disciplined, charged, written up, suspended, re-assigned, demoted, punished, reprimanded, or terminated.

12.     All documents referencing any complaints of negative conduct by Plaintiff.

13.     Every document and communication (electronic or otherwise) supporting your contention in this case that Plaintiff underperformed in any aspect of his job and/or should have been terminated.

14.     Every organizational chart utilized by Defendant, since January 1, 2019, to list or describe Defendant's executive management employees, Defendant's supervisory employees, or Defendant's administrative employees working in the department(s) in which Plaintiff worked or in Plaintiff's chain of command.

15.     All documents containing a description of Plaintiff's job or duties during Plaintiff's employment with Defendant.  This request includes but is not limited to documents mentioning any changes implemented in Plaintiff's job duties or responsibilities during Plaintiff's employment.

16.     A complete copy of the entire personnel and/or employment file for Plaintiff.

17.     All documents which relate to administration of Defendant's May 2020 employment termination program.

18.     Any and all documents which relate to the evaluation of the eligibility factors considered by Defendant as part of its May 2020 employment termination program.

19.     Any and all documents which relate to the evaluation of the eligibility factors for Plaintiff and all other employees included in Defendant's May 2020 employment termination program.

20.     A complete copy of the personnel and/or employment file(s) for each person assuming one or more of Plaintiff's previous job responsibilities after Plaintiff's employment ended.

### CST Investigations

21.     A complete copy of all files, documents, diaries, notes, journals, emails, recitals, statements, reports, communications, text messages, interoffice/instant messaging communications, recordings, and other memoranda maintained by you, your employees, your contractors, or your agents that concern, reference, or were otherwise generated in connection with

your investigation into any report, complaint, suggestion, or contention that Defendant may have discriminated or retaliated against Plaintiff on any basis prior to Plaintiff filing a charge of discrimination.

22.     The personal or daily calendars of any individuals who in any way participated in reprimanding, suspending, demoting, terminating, disciplining, or otherwise electing to not rehire Plaintiff between January 1, 2019 and July 1, 2020.

23.     All emails, communications, text messages, and interoffice/instant messaging communications discussing, attaching, or referencing any report, complaint, suggestion, or contention that Defendant may have discriminated or retaliated against Plaintiff on any basis prior to Plaintiff filing a charge of discrimination.

24.     All handwritten notes, communications, text messages, interoffice/instant messaging communications, memoranda, documents, files, and emails reflecting the nature of any investigation involving Plaintiff (to the extent not already requested above).

## Other Communications

25.     All emails, communications, text messages, and interoffice/instant messaging communications that reference Plaintiff, and that were sent or received by the following individuals (whether or not other recipients were also included) between January 1, 2020 2020 and July 1, 2020: Eric Nead, Steve McRoberts, Jonathan Starmach, Judy Smith, any other individual(s) that assumed Plaintiff's previous responsibilities post-termination, and any other individual(s) involved in the decision to terminate Plaintiff.

26.     All emails responsive to Schedule A hereto providing a specific search timeframe, search terms, and email custodians, and that are additionally responsive to the other document requests submitted by Plaintiff in this pleading.

27.     All emails responsive to Schedule A hereto that reference or concern the events or damages referenced in the Petition or in Plaintiff's charge(s) of discrimination, or that otherwise reference or concern any factual matters supporting your Affirmative Defenses.

## Human Resources Training, Policies, and Procedures

28.     A blank copy of each and every form utilized by you, in the ordinary course of business, for the purpose of documenting any form of discipline administered to an employee since January 1, 2015.

29.     A copy of the table of contents, and index, to any human resources policy and procedure manual utilized by you since January 1, 2015.

30.     All documents and written materials reflecting any training session, course, seminar, policies, procedures, or instructions you provided to your employees, managers, independent contractors, or agents since January 1, 2015, regarding matters of age discrimination,

disability discrimination, and/or retaliation involving a complaint of age or disability discrimination.

## Staffing and Reductions in Force

31.     All audits, analyses, reports, studies, surveys, spreadsheets, evaluations, or guidance generated by you (or any third party hired by you) since January 1, 2015, and that reference or reflect any effort by you to assess the composition, structure, staffing, or operation of the department in which Plaintiff previously worked or any of its constituent parts.

32.     All communications, presentations, audits, analyses, reports, studies, surveys, spreadsheets, evaluations, or guidance generated by you (or any third party hired by you), and that reference or reflect any effort undertaken by you in relation to your decision(s) to terminate any persons impacted by Defendant's May 2020 employment termination program.

## Other Employee Complaints, Charges, and Lawsuits

33.     All documents, communications, text messages, interoffice/instant messaging communications, files, and emails discussing, referencing, or reflecting any **internal, employee complaints** about matters of age discrimination, disability discrimination, and/or retaliation involving a complaint of age or disability discrimination (whether or not such complaints were submitted anonymously) since January 1, 2015.

34.     All documents, communications, text messages, interoffice/instant messaging communications, files, and emails discussing, referencing, or reflecting any internal complaints from subordinate employees of the following individuals about their alleged involvement in discrimination on any prohibited basis and/or retaliation involving a complaint of discrimination on any prohibited basis since January 1, 2015:  Eric Nead, Steve McRoberts, Jonathan Starmach, Judy Smith, and any other individual(s) involved in the decision to terminate Plaintiff.

35.     All **charges of discrimination** filed against you (or any of your affiliated entities) since January 1, 2015, with any state employment agencies or the Equal Employment Opportunity Commission, and that reference matters of age discrimination, disability discrimination, and/or retaliation involving a complaint of age or disability discrimination.

36.     All **charges of discrimination** that reference any of the following individuals:  Eric Nead, Steve McRoberts, Jonathan Starmach, Judy Smith, and any other individual(s) involved in the decision to terminate Plaintiff.

37.     All **petitions, complaints, and other initiating documents** filed against you in any court, tribunal, or investigative body since January 1, 2015, and that reference matters of age discrimination, disability discrimination, and/or retaliation involving a complaint of age or disability discrimination.

## Expert Information

38.    All documents pertaining to any expert that may testify on your behalf at trial.  This request includes but is not limited to the following:

a.    All correspondence, all drafts and/or notes with respect to any report prepared, work performed, or opinion to be offered with respect to this litigation, all documents and things received by such expert or sent to any party to this litigation, and all documents and things reviewed and/or relied on in forming any opinion to be offered with respect to the above-referenced litigation.  (This includes, but is not limited to, all computer files, electronic correspondence, and electronic drafts of reports.

b.    Current Curriculum Vitae.

c.    Any materials that were once a part of the expert's file on this matter that have been removed for any reason.

d.    All documents that such expert intends to utilize at the trial of this matter.

e.    A list of all cases, including case number and jurisdiction, in which such expert has offered any opinion testimony, either in the form of a written report, affidavit, deposition or testimony at trial for the past 10 years.

f.    Any photographs or videotape that any expert or his or her agents took regarding the allegations in your Petition.

g.    Any documents which reflect the bills for any work performed in connection with this case, the fees for preparing such a report, the fees for any testimony offered in this case, the fees for any potential in court testimony, or any other payment for services rendered in this case.

h.    Any reports prepared by the expert.

39.    All documents relating to the factual observations, tests, supporting data, calculations, photographs, opinions or conclusions of all persons who may testify on your behalf as expert witnesses in this case.  This request includes, but is not limited to, any communication between you and any such witness, and the fee arrangements of any such expert witness.

40.    All documents upon which you expect any person you intend to call as an expert witness at trial to rely upon in forming his/her opinions.

41.    All reports or records prepared by any non-retained expert witness who may be called to testify at trial on behalf of Plaintiffs.

## Miscellaneous

42.    All documents that may or will be used as an exhibit at trial or any evidentiary hearing in this matter.

43.    All documents supporting any of the allegations or claims asserted by you in your Answer to the Petition or your Affirmative Defenses.

Respectfully submitted,



/s/ Lewis M. Galloway
Lewis Galloway        Missouri Bar No. 52417
1600 Genessee St Ste 918
Kansas City, MO 64102
Phone: (816) 442-7002
Fax:    (816) 326-0820
lewis@lglawllc.com

ATTORNEY FOR PLAINTIFF

## SCHEDULE A

**Search timeframe**
  January 1, 2020 through January 1, 2021

**Custodians**
  1.  Craig Bradshaw
  2.  Eric Nead
  3.  Steve McRoberts
  4.  Jonathan Starmach
  5.  Judy Smith
  6.  Any other individual(s) that assumed Plaintiff's previous responsibilities post-termination
  7.  Any other individual(s) involved in the decisions to terminate Plaintiff

**Search Terms**
  1.  Craig (This term does not need to be searched in Plaintiff's account)
  2.  Bradshaw (This term does not need to be searched in Plaintiff's account)
  3.  Dr. Herbert Dempsey
  4.  Pulmonary hypertension
  5.  High risk
  6.  Hypertension
  7.  Disabilit!
  8.  Consolidat!
  9.  Separation
  10. Severance
  11. Sturdivan
  12. Reduction
  13. Force
  14. Employee productivity
  15. Employee knowledge
  16. Employee skill-set
  17. Layoff
  18. Complain!
  19. Discriminat!
  20. Retaliat!
  21. Investigat!
  22. Terminat!
  23. Fire
  24. Eliminat!

From: Lewis Galloway <lewis@lglawllc.com>
Sent: Monday, February 1, 2021 4:02 PM
To: McMillen, Ben <Ben.McMillen@huschblackwell.com>
Subject: Craig Bradshaw v. CST Industries, Inc. - Case No. 2116-CV01484

Ben,

See the attached. Though the Petition was filed on 1/19 and accepted on 1/25, please consider 2/1 to be the date of service for the Petition and these initial written discovery requests. Call with questions.

Lewis.

LGLAW | lewis@lglawllc.com | 877.887.7608 Toll Free | 816.442.7002 Direct | lglawllc.com

This message originates from the law firm of LG Law LLC and may contain legally privileged and confidential information intended solely for the use of the addressee. If you are not the intended recipient and have received this message in error, please notify us at (816) 442-7002 and please delete this message from your system. Any unauthorized reading, distribution, copying, or other use of this message or its attachments is strictly prohibited.